## SUPREME COURT.

### HELENA CRAIG agt. HIRAM HYDE and others.

Where the plaintiff in his complaint claims *specific relief* purely equitable, against the defendants, and makes no demand for money or damages, and the facts show that the relation of debtor and creditor exists between the plaintiff and defendants, and that the latter are alone responsible to the plaintiff in an action for a *money demand*, the plaintiff will not be allowed to *change his remedy* by obtaining an order that the issue be tried by a jury as a *money demand*. The complaint must be *dismisssed*.

*New York Special Term, January*, 1863.

THE defendants in this action were Hiram Hyde, James C. Cogswell, and The American Telegraph Company. The complaint set forth an agreement between Hyde and D. H. Craig, whereunder Hyde subscribed for 330 shares of the capital stock of the telegraph company, 210 of which were to belong to Craig, and the remaining 120 shares to Hyde. The plaintiff, the wife of D. H. Craig, became the assignee of his interest in the agreement, and subsequently received transfers of the 210 shares.

Certificates for 120 shares were issued by the company

to Hyde, who afterwards (in the fall of 1857) transferred them to Cogswell as collateral security for a loan, and a new certificate for the same was issued to Cogswell.

Mrs. Craig, the plaintiff, in 1858 sold to the company certain property for the sum of (about) seventeen thousand dollars, for which she was credited on the company's books. At the time the credit was made, her account was charged with the sum of $3,661.23—the amount then appearing to be unpaid, and due upon the 120 shares held by Cogswell, and that sum was credited to Cogswell's account.

The plaintiff claimed that the transfer of the said sum was made by the officers of the company wrongfully and without her knewledge or consent, and she asked for relief, principally " that it be adjudged that said credit of $3,661.-23, with interest thereon from May 10, 1858, is the property of the plaintiff, and that the officers and agents of the American Telegraph Company be required and compelled to withdraw said credit of $3,661.23 from the stock of said Cogswell, and to re-transfer the same to the credit of the personal account of plaintiff."

The action was defended by Hyde & Cogswell. The telegraph company did not appear.

WILLIAM LAWSON and DAVID DUDLEY FIELD, *for pl'ff.*
WALTER EDWARDS, Jr. and HAMILTON ODELL, *for def'ts Hyde and Cogswell.*

CLERKE, Justice. Even assuming that the plaintiff did not, in person or by her agent, authorize the American Telegraph Company to transfer the amount in question ($3,661.23) to the credit of the stock held in Cogswell's name, yet this was nothing more than the misapplication of that sum by the company, for which the latter alone are responsible to the plaintiff in an action for a money demand. The relation between the plaintiff and the company was that of creditor and debtor, and there is no reason why the

Craig agt. Hyde.

liabilities pertaining to such a relation should; in this case, be enforced by any specific form of relief. If the company fail or refuse to pay this amount to the plaintiff, the remedy is plain and adequate, and the questions which may arise are to be tried, as the constitution prescribes, before a jury, unless both parties expressly waive that mode of trial. No legal liability to the plaintiff has been proved against Cogswell and Hyde, and the complaint must be dismissed against them. The only question upon which any doubt can arise is, whether as the company may be liable to refund this money to the plaintiff, still although she has mistaken her remedy, may not the court, instead of dismissing the complaint as against the company, order the issue, as a money demand, to be tried before a jury.

I do not understand the court of appeals in *Emory* agt. *Pease* to go to this extent. In that case the complaint, without averring that the parties had stated an account, set forth a state of facts showing that the plaintiff was entitled to an account, and tending to show an account stated. It demanded judgment for a sum certain as an ascertained balance. It was held the complaint should not be dismissed, but that the action should proceed as if the plaintiff had prayed an accounting and judgment for the amount which should thereupon be found due. Thus he stated facts showing that he was entitled to an account, and that the court allowed him instead of allowing the specific sum to which he claimed he was entitled.

In the present case the plaintiff claims specific relief, purely equitable, against the company and two other defendants, and makes no demand for money or damages. She asks nothing but *relief*. The remedy she seeks is so dissimilar to that to which she can prove herself entitled, that I think it would be productive of confusion and inconvenience in the administration of justice to allow a plaintiff in such a case to establish a remedy so entirely different from, and almost inconsistent with, the redress which she

has attempted in the first instance to obtain, and which she has failed to obtain after protracted proceedings, a long and tedious trial, and serious expense to the parties concerned.

The complaint must be dismissed as to all of the defendants with costs.