CORNELIUS W. H. ELTING, Appellant, v. CHARLES W. DAYTON, Respondent.

*Amendment of a complaint — performance of contract — amendment to show extension of time.*

A judgment for the plaintiff, in an action to recover payment for work done under a contract, which was, by its terms, to be completed by a certain date, was reversed and a new trial was ordered, on the ground that, as the complaint alleged performance and did not aver an extension of time, and as it was found on the trial that the work was not completed by the date agreed upon, the plaintiff could not, without an amendment of the complaint, recover on the theory that strict performance had been waived.

*Held*, that, under section 723 of the Code of Civil Procedure, leave should be given to amend the complaint so as to allege that the plaintiff was prevented from performing his contract within the time limited by reason of additional work ordered by the defendant, and that the defendant had waived completion within the time limited.

The fact that a new suit on the cause of action would be barred by the statute of limitations, is a strong reason for granting such an amendment.

APPEAL by the plaintiff, Caroline W. Elting, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the city and county of New York on the 20th day of April, 1892, denying a motion for leave to serve an amended complaint in the above-entitled action.

February 25, 1885, the plaintiff, a builder, entered into a contract with the defendant, the owner of five houses, to repair them according to plans and specifications, for $9,726, on or before April 20,

1885. The work was not, in fact, completed until May 15, 1885. The defendant paid towards the contract-price, March 25, 1885, $2,000; April 10, 1885, $2,000; May 8, 1885, $2,000; August 25, 1885, this action was begun to recover $3,726, the remainder of the contract-price, and $500 for extra work, which was set up as a first cause of action. In the first count the plaintiff averred that he had performed his contract. As a second cause of action it was alleged that Hart Z. Norton had done work and furnished materials for the buildings for which the defendant promised to pay $600, and that the claim therefor had been assigned to the plaintiff who demanded judgment for $4,826. The defendant admitted the making of the contract with the plaintiff as alleged, and that he had paid $6,000 thereon. He denied that the plaintiff had performed his contract and also denied that he was indebted in the sum of $500 for extra work. The defendant further denied that he had made a contract with Norton and was indebted on account of work performed thereon in the sum of $600. As a second defense and as a counter-claim the defendant averred that the plaintiff had not performed his contract in a good and workmanlike manner and had failed to complete it within the time limited, to his damage in the sum of $2,500, for which he demanded judgment.

The case was tried before a referee who found that the work was not completed within the time agreed, but that the delay was caused by the defendant's ordering additional work which was performed by the plaintiff, which was worth $440. He also found that Norton had, under his contract, done work for the defendant, at the agreed price of $600, and that the claim had been assigned to the plaintiff. He disallowed the defendant's counter-claim and ordered a judgment for the plaintiff for $4,766, which was reversed by the General Term and a new trial granted. The reversal was placed on the ground that the plaintiff having alleged performance and not having averred an extension of time therefor, he could not, as against the objection and exception of the defendant, without amendment of the complaint, recover on the theory that strict performance had been waived. (*Elting* v. *Dayton*, 43 N. Y. St. Rep., 363.)

After the new trial was ordered the plaintiff moved at Special Term for leave to amend his complaint by averring that he was

prevented from performing his contract within the time limited by reason of the additional work ordered and required, and that defendant had waived the completion of the work within the time mentioned in the contract. The Special Term denied the motion and the plaintiff has appealed from the order.

*John J. Linson,* for the plaintiff, appellant.

*J. F. Steir,* for the defendant, respondent.

FOLLETT, J.:

" The court may, upon the trial, or at any other stage of the action, before or after judgment, in furtherance of justice, and on such terms as it deems just, amend any process, pleading, * * * by inserting an allegation material to the case." (Code of Civ. Pro., § 723.) After this case had been fully tried on the merits, the referee found that the owner of the buildings, by ordering additional work and changing the plans, prevented the plaintiff from performing the contract within the time limited, and had waived strict performance. If this is true, and for the purposes of this motion we must deem it so, the plaintiff ought not to lose his labor and materials because of the mistake in the complaint. The omission or error, which the amendment is designed to remedy, is one of those which it is the object of the section to permit the court to rectify. It is said, by the counsel for the respondent, that the amendment should not be allowed because a new suit on the cause of action would be barred by the statute of limitations. Although some laches has been shown on the part of the plaintiff, the fact that the statute of limitations has run against a new action, is a strong reason for granting instead of refusing the relief. The only question is one of terms, and, we think, the proposed amended complaint should be received by the defendant upon the payment of the costs of the reference, and of the defendant's appeal to the General Term.

The order should be reversed, with ten dollars costs and printing disbursements, and the motion granted upon payment of ten dollars costs and the proposed amended complaint be allowed to stand, upon the payment by the plaintiff of the costs and disbursements of the reference, and of the defendant's appeal to the General Term.

VAN BRUNT, P. J., and O'BRIEN, J., concurred.

So ordered.