EDMUND DEYO, Appellant, *v.* FOSTER B. MORSS, as Executor, etc., et al., Respondents.

Under the provision of the Code of Civil Procedure (§ 723), authorizing amendments of pleadings by the court, it has power to direct an amendment of a complaint, although it changes the cause of action and substitutes another belonging to a different class, where the result sought to be reached is the same.

Where, therefore, in an action brought by a creditor of a decedent to reach certain real estate of which he died seized, situate in another state, the original complaint was based upon the theory that defendants, who were devisees, had fraudulently conspired to defeat the claims of creditors by means of a sale and conveyance of the real estate, and the parties entered into a stipulation allowing plaintiff's attorney to serve an amended or supplemental complaint such as the court had power to authorize, and an amended complaint was served setting out a cause of action against defendants as devisees to recover the proceeds of the real estate. based upon the provisions of the Code of Civil Procedure (§ 1843, *et seq.*), making devisees liable for the debts of their testator and providing for the bringing of actions to enforce the liability, *held*, that the amended complaint was authorized by the stipulation, and so that an order of General Term, reversing an order of Special Term, which denied a motion to strike out the amended complaint, was error.

*Deyo* v. *Morss* (74 Hun, 224), reversed.

(Argued December 10, 1894; decided December 18, 1894.)

APPEAL from order of the General Term of the Supreme Court in the third judicial department, made December 6, 1893, which reversed an order of Special Term denying a motion to strike out an amended or supplemental complaint and granted said motion.

A stipulation was entered into between the parties to this action by the terms of which plaintiff was authorized to serve an amended or supplemental complaint or either and defendant was given thirty days within which to demur or answer.

This motion was made on the ground that the so-called amended complaint served was not an amended complaint, but an abandonment of the original cause of action and the substitution of a new one.

The facts, so far as material, are stated in the opinion.

*J. A. Griswold* for appellant. The learned judge at the General Term gives as his reason for striking out the amended complaint, that it was not in fact an amended complaint, but an abandonment of the original cause of action and the substitution of a new one. This was error. (*Brown* v. *Leigh*, 49 N. Y. 78; *Hope* v. *N. Y. S. B. Co.*, 48 N. Y. S. R. 729.) The learned judge, in the opinion at General Term, refers to a stipulation of the attorneys that plaintiff might serve a supplemental and amended complaint, or either, as the only authority for the plaintiff to serve an amended complaint, entirely overlooking and ignoring the order of the court. (12 Abb. Pr. 105.) The statute requires the action to be brought against all of the devisees jointly and that judgment be rendered against each separately. (Code Civ. Pro. §§ 1839, 1846.) No possible harm can come to these defendants if this amended complaint shall stand. (Code Civ. Pro. § 720; *Lapham* v. *Rice*, 55 N. Y. 472.)

*Howard Chipp, Jr.*, for respondents. The order appealed from is not appealable to this court. (Code Civ. Pro. § 190, subd. 2; *F., etc., Co.* v. *B., etc., Co.*, 109 N. Y. 342; *Quimby* v. *Claflin*, 77 id. 270; *Holyoke* v. *Adams*, 59 id. 233; *Goldberg* v. *Utley*, 60 id. 427.) It can hardly be questioned that the new complaint sets up an entirely new cause of action, distinct from and affecting different parties from the cause of action set forth in the original complaint. (Code Civ. Pro. §§ 1848, 1851; *Clift* v. *Moses*, 116 N. Y. 158; *Parsons* v.

SICKELS — VOL. XCIX.        28

*Bowne,* 7 Paige, 354; *Rowell* v. *Janvrin,* 69 Hun, 305.) The proposed amendment was not authorized by the stipulation of February thirteenth. (*Van Wormer* v. *Van Wormer,* 57 Hun, 496; *Van Aernam* v. *Bleistein,* 102 N. Y. 359; *Becker* v. *Larmont,* 13 How. Pr. 23; *Holly* v. *Grof,* 29 Hun, 443; *Tiffany* v. *Boerman,* 2 id. 643; *Rowell* v. *Janvrin,* 69 id. 305; *N. S. S. Co.* v. *Sheehan,* 122 N. Y. 466; *G. Co.* v. *R., W. & O. R. R. Co.,* 5 N. Y. Supp. 659; *Barnes* v. *Quigley,* 59 N. Y. 265; Code Civ. Pro. § 1846.) The motion should have been granted, as the proposed amended complaint sets forth two distinct causes of action which can be legally united. (Code Civ. Pro. §§ 484, 1845; *Hawyard* v. *McDonald,* 7 N. Y. Civ. Pro. Rep. 101; *Greene* v. *Martin,* 27 Hun, 246.)

ANDREWS, Ch. J.   The stipulation authorized the plaintiff's attorney to serve an amended or supplemental complaint, reserving to the defendants the right to make such motion in relation thereto as they should be advised, and it authorized the defendants to serve an amended or supplemental answer. Before the stipulation was made both parties contemplated making an application to the court for permission to serve amended pleadings. The plain object of the stipulation was to enable the parties, without notice, to do what the court upon application might authorize to be done. The plaintiff's attorney thereupon served an amended complaint, setting out a cause of action based on the statute, art. 2, title 3, chapter 15, of the Civil Code, against the defendants as devisees, to recover the proceeds of real estate devised to them, situated in the state of Pennsylvania, which they had conveyed. The action was brought by the plaintiff as creditor of the decedent, in behalf of himself and all others similarly situated. The cause of action set out in the original complaint was based upon the theory that the defendants had fraudulently conspired to defeat the claims of creditors by means of a sale and conveyance of the real estate devised, and the complaint asked that the conveyance be set aside, or in the alternative that the defendants account for the proceeds received by them on the

sale, and for the appointment of a receiver. The causes of action in the two complaints were distinct. The original complaint was based on fraud, and the amended complaint on the statute, and in such an action the element of fraud has no place. The General Term reversed the order of the Special Term, which denied a motion in behalf of the defendants to strike out the amended complaint, made on the ground that it set up a new and different cause of action from that in the original complaint. The ground of the reversal seems to have been based on the view that the power of the court to authorize an amendment of a complaint before trial, does not extend to an amendment which changes the cause of action.

We think the settled practice is opposed to the rule declared by the General Term. Whether an amendment of a pleading shall be allowed in such a case is, in general, a matter of discretion in the court. The General Term has the right to review the exercise of such discretion by the Special Term, and its order made in the exercise of this power of review could not be reviewed here. But the stipulation, by its true construction, authorized such amendment as the court had power to grant, and the case, therefore, depends on the power of the Special Term to authorize an amendment before trial of a complaint, so as to permit a substitution of a different cause of action from that originally alleged. We think this question was, in principle, determined in the case of *Brown* v. *Leigh* (49 N. Y. 78), where it was held that, under sec. 172 of the former Code, which permitted a pleading to be once amended by a party, of course and without costs, an amendment of a complaint which changed the cause of action and substituted another cause of action belonging to a different class was authorized. The power of amendment given to the court by section 723 of the present Code is entitled at least to as liberal a construction as the power granted to the party to amend as of right under section 172 of the former Code. The power of the court to grant or deny the relief, or to impose such terms as justice may seem to require, is an adequate protection against an oppressive exercise of the power. To

deprive the court of this power would, in many cases, result in injustice and encourage litigation. The present case is an illustration. The causes of action were legally distinct, but the purpose of both complaints was to compel the application of the decedent's property to the payment of his debts, and whether the result was reached by treating the conveyance by the defendants as fraudulent, or by compelling them to account for the proceeds of the property, as provided under the statute, does not affect the substantial purpose of the action. The amended complaint relieved the defendants from the imputation of fraud, and in that respect might be deemed more favorable to them. If they could have defeated the action in its original form this was no just reason why they should not, by amendment of the complaint, be put in a position where the real controversy as between the creditors and themselves may be tried and adjudicated.

The order of the General Term should be reversed and that of the Special Term affirmed, with costs in both courts.

All concur.

Ordered accordingly.