(12 Misc. Rep. 371.)

### STURGES v. NEWCOMBE et al.

(Superior Court of New York City, General Term. May 6, 1895.)

PLEADING—AMENDMENT—NEW CAUSE OF ACTION.

Where the answer alleges usury in the note sued on, plaintiff may amend his complaint so as to state that the note sued on was given in renewal of a previous note, which was not tainted by usury.

Appeal from special term.

Action by Stephen H. Sturges against Isaac B. Newcombe and another on a promissory note. From an order allowing plaintiff to amend the complaint, defendants appeal. Affirmed.

The original complaint was as follows:

(1) That at the times hereinafter mentioned the defendants were partners doing business in the city of New York under the firm name of L. B. Newcombe & Co. (2) That heretofore the said defendants, under their firm name, made and delivered their promissory note in writing, dated the 24th day of June, 1893, at New York, and thereby promised to pay to the plaintiff or his order one hundred thousand dollars ($100,000) in gold, of present weight and fineness, thirty days after said date, with interest at six per cent. per annum. (3) That payment of said note has been duly demanded, and that no part thereof has been paid, except the sum of thirteen hundred and eighty-seven and 50/100 dollars ($1,387.50) on the 28th day of July, 1893; nine hundred and thirty-seven and 50/100 dollars ($937.50) on the 31st day of July, 1893; eighty dollars ($80) on the 8th day of August, 1893; eleven hundred dollars ($1,100) on the 10th day of August, 1893. Wherefore, the plaintiff demands judgment against the said defendants for the said sum of one hundred thousand dollars, with interest from the 24th day of June, 1893, less the sum of thirty-five hundred and five dollars ($3,505) paid as aforesaid; and the plaintiff also demands judgment, with costs of this action.

Defendants, by their amended answer to the original complaint, alleged that the note sued on was usurious. Thereupon plaintiff applied, for and obtained leave to serve an amended complaint, as follows:

(1) The defendants at all the times hereinafter mentioned were copartners doing business as bankers in the city of New York under the firm name of I. B. Newcombe & Co. (2) On the 25th day of May, 1893, the plaintiff, upon the request of the defendants, loaned and advanced to the defendants the sum of one hundred thousand dollars, which sum the defendants then promised to repay to the plaintiff on the 24th day of June, 1893, with interest thereon at the rate of six per cent. from the said 25th day of May, 1893. Thereupon, and in consideration of the said loan, and as evidence of the same, the defendants made and delivered to the plaintiff the promissory note of defendants, bearing date the said 25th day of May, 1893, in and by which the defendants promised to pay to Sturges & Roby, thirty days after date, without grace, the sum of one hundred thousand dollars in gold coin of the then present weight and fineness, with interest thereon at the rate of

six per cent. per annum from the said 25th day of May, 1893. The said promissory note was by its terms made payable to Sturges & Roby, who were a firm and copartnership of attorneys at law, and who received the said note for and in behalf of, and upon the request of, the plaintiff; but the same was delivered to them and received by them solely for the plaintiff, and was both indorsed and delivered to the plaintiff prior to the 24th day of June, 1893. (3) Thereafter, and on or about the 24th day of June, 1893, the defendants requested this plaintiff to extend the time of payment of the said loan, and thereupon it was agreed between the plaintiff and these defendants that the time of payment of the said loan should be extended from the 24th day of June, 1893, until the 24th day of July, 1893; and thereupon, and on the said 24th day of June, 1893, and in consideration and as evidence of the said loan, the defendants duly made and delivered to the plaintiff the promissory note of them (the defendants), dated the 24th day of June, 1893, in and by which the defendants promised to pay to the plaintiff, thirty days after the date of the said last-mentioned note, the sum of one hundred thousand dollars in gold coin of the then present standard of weight and fineness, with interest thereon at the rate of six per cent. from the said 24th day of June, 1893. In consideration of the delivery of the said last-mentioned note to the plaintiff, this plaintiff surrendered to the defendants possession of the said note bearing date the 25th day of May, 1893. The plaintiff now holds and owns the said note dated as aforesaid the 24th day of June, 1893. (4) No payment has been made by the defendants upon the said loan or promissory note hereinafter set forth, except only that the defendants paid to the plaintiff interest upon one hundred thousand dollars included in the said note dated the 25th day of May, 1893, for the period of thirty days, being the sum of five hundred dollars, and except that prior to the service of this complaint the plaintiff has received the proceeds of sale of certain securities held by him as and for security for the payment of the said loan and the said promissory notes, and for any other indebtedness due or to become due by the defendants to the plaintiff, and other sums of money, in all amounting to the sum of eighty-nine thousand three hundred and fifty-eight and 75/100 dollars, and no more. This sum has been duly credited by the plaintiff upon the amount due upon the said indebtedness and the said promissory notes, and there remains due and unpaid from the defendants to the plaintiff thereon the sum of eleven thousand nine hundred and sixty-six 25/100 dollars ($11,966.25), with interest thereon from September 13, 1893. Wherefore, the plaintiff demands judgment against the defendants for the sum of eleven thousand and nine hundred and sixty-six 25/100 dollars ($11,966.25), with interest thereon from the 13th day of September, 1893, together with the costs of this action.

Argued before SEDGWICK, C. J., and FREEDMAN and McADAM, JJ.

Treadwell Cleveland, for appellants.

Sturgis & Roby, for respondent.

PER CURIAM. It was not a valid objection to the order appealed from, made at special term, that it permitted an amendment that substituted a cause of action different from the one averred in the complaint. Deyo v. Morse, 144 N. Y. 216, 39 N. E. 81. The peculiarities of the litigation placed it within the discretion of the court to determine whether or not there were laches on the part of the plaintiff which should defeat his application to amend. Order affirmed, with $10 costs, and disbursements to be taxed.