GEORGE P. ROWELL and Others, Respondents, *v.* HENRY MOELLER, Appellant.

*Amendment of a complaint — introducing a new cause of action — when it will be allowed.*

Where a proposed amendment to a complaint will have the effect of introducing a new cause of action, the purpose of the complaint as originally drawn and that of the amendment being, however, substantially the same, the Special Term has power, in its discretion, to allow the amendment to be made.

In an action brought to charge the defendant as a stockholder of a corporation upon the ground that no certificate of the full payment of the stock of the corporation was ever filed, and that such stock was not fully paid, the original complaint contained an allegation that no certificate that the stock was fully

paid had been filed, but there was no allegation that the stock was not fully paid in property, nor did the complaint contain a statement of how much stock the defendant owned.

Upon an appeal from an order granting the plaintiff leave to amend the complaint in these particulars,

*Held,* that the permitting of an amendment was one within the discretion of the court at Special Term, and, it not appearing that such discretion had been abused, the order would not be reversed on appeal.

The effect of the decision in *Deyo* v. *Morse* (144 N. Y. 216) considered

VAN BRUNT, P. J., dissenting.

APPEAL by the defendant, Henry Moeller, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 3d day of October, 1895, allowing the plaintiffs to amend their complaint.

*Thomas McAdam,* for the appellant.

*Philip Carpenter,* for the respondents.

O'BRIEN, J.:

The action was brought to charge the defendant as a stockholder of a corporation on the ground that no certificate of full payment of the stock was ever filed and that such stock was not full paid. While the original complaint contained an allegation that no certificate that the stock was full paid had been filed, there was no allegation that the stock was not full paid in property, nor did it contain a statement of how much stock, if any, the defendant owned. The order appealed from granted leave to amend the complaint in these particulars.

It will thus be seen that the question presented is identical with the one considered in *Rowell* v. *Janvrin* (69 Hun, 305), wherein this court held that it was error to permit such an amendment, saying: " The cause of action sought to be set up by the amended complaint was entirely independent of, and had no relation to, that which had been alleged in the original complaint. In the original complaint a liability of a stockholder was sought to be enforced because of the failure to file a certificate that the whole of the capital stock had been paid in, under sections 10 and 11 of the Manufacturers' Act (Chap. 40 of 1848). By the amended complaint a liability upon the part of the stockholder was attempted to be set up, arising from the provisions of section 14 of the same act, in

reference to the purchase of property and the issuing of stock therefor. These were distinct independent grounds of a recovery, the only common feature being that in each the defendant was sought to be charged as a stockholder." An appeal from this decision was dismissed by the Court of Appeals (138 N. Y. 656).

Unless there is some later authority this should be controlling and decisive upon this appeal. We are referred for such an authority to the case of *Deyo* v. *Morse* (144 N. Y. 216). At Special Term a motion was therein made to strike out the amended complaint on the ground that it set up a different cause of action, which motion was denied. The General Term reversed the Special Term order, and the Court of Appeals reversed the General Term, and after adverting to the fact that the view of the General Term was that the court had no power to authorize an amendment which changes the cause of action, said: "Whether an amendment of a pleading shall be allowed in such a case is, in general, a matter of discretion in the court. The General Term has the right to review the exercise of such discretion by the Special Term, and its order made in the exercise of this power of review could not be reviewed here. * * * The case, therefore, depends on the power of the Special Term to authorize an amendment before trial of a complaint, so as to permit a substitution of a different cause of action from that originally alleged. We think this question was in principle determined in the case of *Brown* v. *Leigh* (49 N. Y. 78). * * * The power of the court to grant or deny the relief, or to impose such terms as justice may seem to require, is an adequate protection against an oppressive exercise of the power. To deprive the court of this power would, in many cases, result in injustice and encourage litigation. The present case is an illustration. The causes of action were legally distinct, but the purpose of both complaints was to compel the application of the decedent's property to the payment of his debts."

This case must be regarded as effecting a sweeping change in the practice relating to the amendment of pleadings. The whole current of authority at General and Special Term was against the power of the court to allow an amendment to a complaint which set up a different cause of action. Examples of such decisions are *Deyo* v. *Morse* (74 Hun, 224); *Vrooman* v. *Jackson* (6 id. 326);

*Craig* v. *Hyde* (24 How. 313), and in this category we must place the case of *Rowell* v. *Janvrin* (69 Hun, 305). It is true that in the latter case neither in the order nor in the opinion of the General Term is the decision expressly placed upon the want of authority in the court to allow such amendments, but it is quite evident from a reading of the opinion that such was the view of the court. The fact that it was not placed expressly upon the ground of want of power may account for the dismissal of the appeal to the Court of Appeals.

As *Deyo* v. *Morse* (*supra*) is authority, therefore, for the proposition that the Special Term has power to grant leave to amend, the question now presented is, whether such power was properly exercised. It is insisted that the amendment should have been refused because the cause of action set up in the amended complaint is barred by the Statute of Limitations, and, therefore, the court neither has the power nor should it, in the exercise of its discretion, allow the amendment, and in that connection we are referred to the case of *Quinby* v. *Claflin* (27 Hun, 611). There the General Term said : " The order appealed from gave leave to the plaintiff to amend his complaint by adding as a third cause of action a further claim against the defendant of $34,000. The claim was barred by the Statute of Limitations. We are of opinion that the order was unauthorized." It will be noticed in that case that an additional or third cause of action was sought to be pleaded, and the attention of the court was directed to a consideration of whether that should be allowed, and we think the question was very properly answered in the negative.

In principle, this case is more like that of *Elting* v. *Dayton* (67 Hun, 425). There a judgment for the plaintiff in an action to recover payment for work done under a contract, which was by its terms to be completed by a certain date, was reversed and a new trial ordered on the ground that, as the complaint alleged performance and did not aver an extension of time, and as it was found on the trial that the work was not completed by the date agreed upon, the plaintiff could not, without an amendment of the complaint, recover on the theory that strict performance had been waived. The amendment was there allowed upon the opinion from which we quote : " It is said by the counsel for the respondent that

the amendment should not be allowed because a new suit on the cause of action would be barred by the Statute of Limitations. Although some *laches* has been shown on the part of the plaintiff, the fact that the Statute of Limitations has run against a new action is a strong reason for granting instead of refusing the relief." (See, also, *Eighmie* v. *Taylor*, 39 Hun, 366.)

The Special Term, therefore, having the power in a proper case to allow the amendment, the question being one calling for the exercise of its discretion, and as upon the showing here made we cannot say that such discretion was improperly exercised, we think the order should be affirmed, with ten dollars costs and disbursements.

FOLLETT, J., concurred.

VAN BRUNT, P. J. (dissenting):

I dissent. The discretion of the court was not properly exercised. There was no excuse offered; and unless in every case an amendment is to be allowed, as matter of course, this motion should have been denied.

Order affirmed, with ten dollars costs and disbursements.