(26 Misc. Rep. 498.)

### ROWLAND v. KELLOGG.

(Supreme Court, Special Term, New York County. February, 1899.)

1. PLEADING—AMENDMENT—LEAVE OF COURT.

After allowing the withdrawal of a juror to permit plaintiff to apply for leave to amend, permission will not be given to serve an amendment different from that contemplated at the time leave to withdraw the juror was given, where the necessity for the amendment was apparent before the trial was entered on.

2. SAME—LACHES—COUNTERCLAIM.

Where the plaintiff for over two years neglected to reply to a counterclaim, and leave to serve a reply has been refused, permission to amend the complaint will not be granted, since that would permit plaintiff to contest the counterclaim after having, by failure to reply, admitted it.

Replevin by Nancy Rowland against L. Laflin Kellogg. On motion by plaintiff for leave to amend her complaint. Denied.

Charles D. Ridgway, for plaintiff.

Kellogg, Rose & Smith, for defendant.

BEEKMAN, J. This is an action of replevin. Upon the trial an effort was made by the plaintiff to secure an amendment of the complaint, which was denied, whereupon a juror was withdrawn, on terms, in order to enable her to move at special term for leave to serve an amended pleading, which would supply the defect that was the subject of discussion on the trial. This motion was accordingly made.

But the proposed amended complaint is quite different from that which the plaintiff and the court had in contemplation when leave was given for the withdrawal of a juror. It is now sought to change the cause of action from replevin to conversion. While the court has power to authorize this (Deyo v. Morss, 144 N. Y. 216, 39 N. E. 81),

it should do so with great circumspection, and only where justice clearly demands it. It is, in effect, permitting the commencement of a new action with certain advantages of procedure had in the old, and I can see no reason why this should be allowed unless peculiar facts and circumstances are shown which clearly call for such relief, rather than for a discontinuance of the existing action and the initiation of another suit. I fail to find any such reason in the case at bar. Undoubtedly the plaintiff has been guilty of gross laches in not moving for leave to amend her complaint before. The necessity for it, if any existed, was as apparent before the trial was entered upon as it was afterwards. Furthermore, I do not think the court should ordinarily allow an amendment to a pleading which is radically different from that stated on the trial to be necessary or desirable, and to secure which, by appropriate motion at special term, the court permitted the withdrawal of a juror. It is extremely probable that the trial court would not have granted any such permission had the plaintiff's counsel then stated that his purpose was to move for leave to serve such an amended complaint as that now proposed. Under these circumstances, it seems to me that to grant the relief now asked would be subversive of the orderly administration of justice, and tend to bring it into contempt.

But there is another reason why the motion should not be granted, resting on a right which the defendant has gained under the pleadings as they stand. His answer, among other things, sets up a counterclaim, to which no reply has been served, although over two years have elapsed since this defense was interposed. It is true that an effort was made by the plaintiff in April, 1898, to have her default opened, and for leave to serve a reply, but this was denied at special term, with costs, and the order thus made was affirmed by the appellate division.

The effect, then, of granting this motion, would be to deprive the defendant of the important advantage which he has gained of securing the right to judgment in his favor upon the counterclaim, and to afford the plaintiff an opportunity to contest it when again set up by the defendant. Of course, it may be said that the court can provide against this by requiring the plaintiff to pay the amount of the counterclaim as a condition of granting the motion. Undoubtedly that would be done if this were the only obstacle in view, but, as has been said, the plaintiff has been guilty of laches in moving, and, further, has not shown adequate reason for the extreme exercise of judicial discretion which she has invoked. This I consider fatal to the motion, and leads to the conclusion that it should be denied.

Motion denied, with $10 costs.