property in controversy and had their inception after the time when the records showed that Benton Turner in 1891 owned such property. In the absence of such proof, plaintiff's argument is pointless. None of the facts relied on by plaintiff are inconsistent with the record title of Julia H. Turner to the particular property in controversy. The learned trial justice gave due weight to all these facts, and after consideration deemed them insufficient to put the state on inquiry so as to be deprived of the benefit of the recording act. I am unable to see how any different conclusion could have been reached.

The judgment should be affirmed, with costs. All concur.

---

(51 Misc. Rep. 665.)

RUBIN v. MAINE S. S. CO.

(Supreme Court, Appellate Term. November 14, 1906.)

PLEADING — AMENDMENT — CHANGE OF CAUSE OF ACTION — STATUTORY PROVISION.

Code Civ. Proc. § 723, authorizes the court to amend a pleading by conforming it to the facts proved, where the amendment does not change substantially the claim or defense. Held, that where the relief sought is the same, and the amendment does not affect the substantial purpose of the action, a complaint may be amended so as to change the cause of action and substitute another of a different class.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, §§ 686–692.]

Appeal from City Court of New York, Special Term.

Action by Edward Rubin against the Maine Steamship Company. From an order granting plaintiff permission to amend his complaint, defendant appeals. Modified and affirmed.

Argued before GILDERSLEEVE, DUGRO, and DOWLING, JJ.

Carpenter, Park & Symmers (James K. Symmers, of counsel), for appellant.

House, Grossman & Vorhaus (Louis J. Vorhaus and Charles Goldzier, of counsel), for respondent.

GILDERSLEEVE, J. This is an appeal from an order of the Special Term of the City Court granting plaintiff permission to amend the complaint without costs.

The defendant claims that the original complaint alleges a cause of action arising from a loss on a contract of carriage from New York to Waterville, Me., and that the amended complaint alleges the same contract of carriage, and then alleges a new contract for the transportation of the same goods from Waterville, Me., to New York, and then, instead of alleging that the goods were lost, as in the original complaint, states that they have not been delivered and that defendant keeps control of them, although delivery has been duly demanded. It is defendant's contention that a new cause of action, based upon new facts and a new contract, appears in the amended complaint, and that it was error for the court below to allow such amendments. Upon comparing the original with the amended complaint, it seems to us that this case comes within the authority of Deyo v. Morss, 144 N. Y. 216,

39 N. E. 8, where it was held that under the provisions of section 723 of the Code, authorizing amendments of pleadings by the court, the latter has power to direct an amendment of a complaint, although it changes the cause of action and substitutes another belonging to a different class, where the result sought to be reached is the same and the amendment does not affect the substantial purpose of the action. The appellant urges, however, that under the circumstances the court below should have imposed the payment of costs as a condition for granting the motion, to which proposition respondent orally consented upon the argument.

The order is modified, by inserting as a condition for the granting of the amendment the payment of the costs of the action up to the time of the making of the motion for the amended complaint, and, as thus modified, affirmed, with disbursements to the appellant, but no costs of this appeal to either party. All concur.