(53 Misc. Rep. 250.)

## THOMPSON v. YOUNG.

### (Supreme Court, Appellate Term. March 14, 1907.)

PLEADING—AMENDMENT—EFFECT UPON POSITION OF CASE ON CALENDAR.
> Under Code Civ. Proc. § 723, providing that a court may allow certain amendments of pleadings at any stage of the action and direct that the case retain its place upon the calendar, where plaintiff sued on a claim alleged to have been assigned to him by one person, he was entitled to amend his complaint to show that the assignment was made by another without prejudice to the case's position upon the calendar, where the complaint stated the nature of the services sued upon, to whom they were rendered, and the time, place, and price.

Appeal from City Court of New York, Special Term.

Action by J. Walter Thompson against Edgar E. Young. From an order denying a motion to allow an amendment of his complaint, plaintiff appeals. Reversed, and motion granted.

Argued before GILDERSLEEVE, P. J., and DAVIS and HENDRICK, JJ.

Edwards & Bryan, for appellant.
Gould & Wilkie, for respondent.

GILDERSLEEVE, P. J. The action was commenced October 8, 1902, and answer was served October 30, 1902. The defendant set up a counterclaim sounding in tort, and, as the complaint wa: on contract, plaintiff demurred to the counterclaim on the ground that it could not be set up in this action, and the demurrer was overruled, with leave to plaintiff to reply upon payment of $20 costs, and the plaintiff paid same and served his reply December 6, 1904. On December 31, 1904, defendant amended his answer, but retained the counterclaim, and on January 6, 1905, plaintiff replied to the amended answer, and the case was put on the calendar. On September 28, 1906, with the consent of plaintiff, the defendant served an amended answer withdrawing the counterclaim and allegations of fraud, thereby substantially submitting to the demurrer which plaintiff had interposed to the counterclaim, and repaid plaintiff the $20, which was paid by him for the privilege of replying. The defendant, therefore, was given the privilege of amending his answer without terms, and the amended answer set up, as a partial defense which had not theretofore been pleaded, that plaintiff's assignor, Wallace E. Brown, had been adjudicated a bankrupt, and that substantially the whole of plaintiff's claim had been transferred to the trustee in bankruptcy by operation of law.

The claim alleged in the complaint is for medical services rendered to the mother of defendant at his request from the 9th day of November, 1898, to and including the 16th day of January, 1900, at the

Berkshire Hills Sanitorium, at North Adams, Mass., conducted by Drs. W. E. Brown & Son. Upon receiving the amended answer, plaintiff made investigations as to who composed "Drs. W. E. Brown & Son." All his transactions had been with Wallace E. Brown, M. D., and he had supposed, and so alleged in his complaint, that Dr. Brown was the owner of the sanitorium, and conducted same under the name "Drs. W. E. Brown & Son," and had supposed that Dr. Brown was the owner of the claim. The assignment of the claim to plaintiff is signed "Drs. W. E. Brown & Son," and was so signed by Dr. Wallace E. Brown. He then learned that Theresa E. Brown was the owner of the sanitorium, and was conducting the same under the name of "Drs. W. E. Brown & Son," pursuant to a married woman's certificate, as provided by the statutes of Massachusetts. Thereupon counsel requested defendant's attorneys for leave to amend the complaint according to the facts, which was refused, and this motion was then made.

The application is under section 723 of the Code of Civil Procedure, which provides for amendments, even upon the trial, where the claim is not substantially changed. This statute reads as follows:

"The court may, upon the trial, or at any other stage of the action, before or after judgment, in furtherance of justice, and on such terms as it deems just, amend any process, pleading or other proceeding, by adding or striking out the name of a person as a party, or by correcting a mistake in the name of a party, or a mistake in any other respect, or by inserting an allegation material to the case; or, where the amendment does not change substantially the claim or defense, by conforming the pleading or other proceedings to the facts proved. And, in every stage of the action, the court must disregard an error or defect, in the pleadings or other proceedings, which does not affect the substantial rights of the adverse party. When amending a pleading or permitting the service of an amended or supplemental pleading in a case which is on the general calendar of issues of fact, the court may direct that the case retain the place upon such calendar which it occupied before the amendment or new pleading was allowed, and that the proceedings had upon the amended or supplemental pleadings shall not affect the place of the case upon such calendar, or render necessary the service of a new notice of trial."

The amendment sought for does not change the claim. The claim as above stated is for medical services, rendered to the mother of defendant on defendant's request at the Berkshire Hills Sanitorium at North Adams, Mass., conducted by Drs. W. E. Brown & Son, from the 9th day of November, 1898, to and including the 16th day of January, 1900. Whether the services sued for were rendered pursuant to a contract entered into between defendant and Theresa E. Brown, or between defendant and Wallace E. Brown, works no change whatever in the claim. The complaint states the nature of the services, to whom they were rendered, the time during which they were rendered, the place where they were rendered, and the price at which they were rendered. These are the essentials of the claim, and no change whatever in the allegations of these elements of the claim is asked. The claim in the complaint as it stands and the claim in the proposed amended complaint are identical; the change being in the person from whom the plaintiff derives title. O'Neill v. N. Y. C. & H. R. R. Co., 60 N. Y. 138–142. See, also, Boyd v. U. S. Mortgage Co., 79 N. E.

999; Deyo v. Morss, 144 N. Y. 216, 39 N. E. 81. It seems to us that the motion should have been granted, upon reasonable terms.

The order is reversed, and the motion granted, upon payment of taxable costs in the court below and the disbursements of this appeal. No costs of this appeal to either party. All concur.