KITTY GORDON, Respondent, *v.* GILBERT M. ANDERSON and L. LAWRENCE WEBER, Appellants.

First Department, April 7, 1922.

Contracts — action on alleged written contract with individuals — recovery cannot be had where proof shows contract executed by corporation — trial — error to charge, in absence of appropriate allegation, that if defendants held themselves out as representing non-existing corporation they are liable — general motion to conform pleadings to proof properly denied — recovery cannot be had on theory of fraud in absence of appropriate allegations in complaint.

In an action against individuals on an alleged contract in writing executed by them, a recovery cannot be had on proof of a contract executed by a corporation, signed by one of the defendants as president and the other as a witness, in the absence of any allegation to the effect that while the contract was executed in the name of the corporation it was in effect executed by the defendants individually.

It was error for the court to charge that if there was no such corporation as that named in the contract and the defendants held themselves out to the plaintiff as representing such corporation then the defendants are individually liable, for such charge was not within any of the allegations of the complaint nor the bill of particulars furnished by the plaintiff.

The court properly denied the general motion made by the plaintiff to conform the pleadings to the proof for the proper practice is to definitely indicate what amendment of the complaint is desired.

Recovery could not be had under the allegations of the complaint on the theory that the defendants were individually liable by reason of fraud in inducing the plaintiff, by misrepresentation or other unlawful act, to sign the contract in question with a non-existing corporation in whose behalf they purported to act as officials, for there were no appropriate allegations in the complaint to support that theory.

APPEAL by the defendants, Gilbert M. Anderson and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 25th day of April, 1921, upon the verdict of a jury; also from said judgment as resettled and amended by an order of said court made at the New York Special Term and entered in said clerk's office on the 20th day of May, 1921, and also from an order entered in said clerk's office on the 5th day of May, 1921, denying defendants' motion for a new trial made upon the minutes.

*William Klein* [*Charles H. Tuttle* of counsel], for the appellants.

*Henry J. & Frederick E. Goldsmith* [*I. Maurice Wormser* of counsel; *Harold M. Goldblatt* with him on the brief], for the respondent.

DOWLING, J.:

The complaint in this action sets forth two causes of action. In the first cause of action it is alleged:

I. That the defendants at all the times thereinafter mentioned were engaged in business as copartners.

II. That thereafter and prior to the commencement of this

action the plaintiff entered into an agreement with the defendants wherein and whereby the latter hired and engaged her to render her services as an actress in the production of photoplays for a period of thirty-two weeks and agreed to pay her as compensation for her services the sum of $1,250 per week, during each of said weeks and in addition thereto a sum equal to thirty-five per cent of the profits realized from such photoplays, after deducting the cost of producing said photoplays.

III. That the plaintiff accepted said employment and entered upon the rendition of her services pursuant to the said agreement and duly performed all the covenants and conditions on her part to be performed, her said services being rendered in the production of a photoplay known as " Vera, the Medium."

IV. On information and belief, that the profits derived from the photoplay, after deducting the cost of producing the same, amounted to the sum of $5,000.

V. That plaintiff received the weekly salary of $1,250 during the time when she rendered services in the production of the said photoplay, but received no part of the profits thereof except the sum of $810, leaving a balance due and owing to her of $940.

For a second cause of action, the plaintiff realleges and repeats the 1st and 2d paragraphs of the complaint, and then avers that after plaintiff had rendered services for a period of four weeks, pursuant to the agreement, the defendants without right or cause and in violation of the agreement breached the same and refused to permit her to render services pursuant thereto, although she was at all times ready and willing so to do; to her damage in the sum of $15,000.

The answer of the defendants denies every allegation of the complaint.

This action was commenced on April 25, 1918. On March 25, 1921, plaintiff furnished defendants with a verified bill of particulars containing the following information:

I. The agreement set forth in the complaint was entered into on or about August 19, 1916, and was in writing; but plaintiff has no copy of the said agreement and is, therefore, unable to attach a copy of the same.

II. Plaintiff rendered her services for a period of about four weeks at Fort Lee, N. J.

III. The payments set forth in paragraph V of the complaint were made by check but plaintiff is unable to state the name of the drawer of such checks.

IV. The refusal to permit plaintiff to render her services was oral; and the agreement was breached by both defendants.

V. The sum of $15,000 set forth in paragraph IX of plaintiff's complaint represents the plaintiff's loss of earnings for a period of twelve weeks at the sum of $1,250 per week pursuant to her contract with the defendants.

It thus appears both from the complaint and the bill of particulars that plaintiff was claiming upon a written agreement made by her with the defendants about August 19, 1916, whereby she was to render for them the services described in the complaint.

Upon the trial of the action it appeared beyond dispute, and it was so charged by the trial court, that the only written contract claimed or proven between the parties was a written contract dated August 19, 1916, purporting to be made between the Kitty Gordon Feature Film Company and plaintiff, complying in its terms with the allegations of the complaint herein as to services, compensation and other details, and purporting to be executed under seal by the Kitty Gordon Feature Film Company by G. M. Anderson, president, and by plaintiff, and signed in the presence of L. Lawrence Weber. And yet, although the plaintiff was dependent solely upon the receipt in evidence of this contract in writing which, under the complaint and the bill of particulars, was the sole basis for her action, the paper never was offered in evidence by plaintiff; an offer thereof in evidence by defendants on their cross-examination of the plaintiff, after she had identified her signature, was refused and in fact the contract did not become a part of the case until the defendants put in their testimony.

Upon the trial, plaintiff, although limited in a recovery to proof of the existence of a contract with the defendants in writing on or about the designated date, not only never made proof of the existence of such an agreement in writing, but was permitted to prove an alleged oral agreement with the defendants inconsistent with the terms of the writing and which either became merged in it, was supplemented by the writing, or was evidence of an entirely different claim from that which was presented by the pleadings in this action. Plaintiff endeavored to show that she had never thoroughly read the contract which was actually signed by her and which was different from her statement of what the oral agreement was, and yet, when the written agreement was produced it showed fourteen different places at which her initials appeared opposite interlineations, changes or corrections in the typewritten instrument, and the initialing by her in this manner upon the written contract she admitted.

Upon the trial of the action many reversible errors were committed which would require the reversal of the judgment appealed from and the granting of a new trial, even if plaintiff could have

recovered upon the proof. We deem it unnecessary to discuss these clear and unmistakable errors in view of the fundamental objection which prevents any recovery whatever by plaintiff in the form of action which she adopted. This action is shown to be based, as has been said, upon a written contract under seal made by plaintiff with a corporation for which the defendant Anderson undertook to sign as president, and to which the defendant Weber signed only as a subscribing witness. The corporation which purported to execute this contract was described as a New Jersey corporation. It was sought to establish upon the trial that there was no such corporation organized in the State of New Jersey. The method of making such proof and the exclusion of evidence offered by the defendants to show the actual situation with regard to the existence of such a corporation were, alike, erroneous. But in no event, in this action, could plaintiff have availed herself of such a contention. The learned counsel for the respondent has suggested theories upon which a recovery could be had by plaintiff against these defendants. But, without discussing their soundness, it is sufficient to say that they are not available to plaintiff in this action. She has chosen to sue here upon an allegation of a contract in writing made with the defendants. At the close of her case she had made no proof whatever of the existence of any such contract and the motion then made by the defendants for the dismissal of the complaint should have been granted. That motion was denied and an exception duly taken. It is obvious that a plaintiff cannot recover in a suit brought upon a written instrument without proving the existence of such a writing and this the plaintiff absolutely failed to do. At the close of the whole case it appeared that there was a written contract between plaintiff and an alleged corporation, which was admitted to be the only contract in writing under which plaintiff could possibly claim. One of the defendants had signed as the ostensible president of such a corporation. The other had signed only as a witness and did not purport to sign as an official of that corporation. The complaint contained no allegation of fraud upon the part of the defendants, nor any appropriate allegation by which they could be charged as principals or as contracting parties by reason of the presence of their names upon this contract made by the alleged corporation. Under these conditions it became the duty of the trial court to grant the motion then made for the dismissal of the complaint as to each defendant. To such refusal to dismiss exception was duly taken, as was also an exception to the refusal of the court to direct a verdict for the defendants.

The plaintiff's counsel moved for a directed verdict, but that

First Department, April, 1922.  [Vol. 200

motion was also denied, although upon the condition of the record it is difficult to see what disputed facts were left for the jury, and the charge of the learned trial court does not suggest any issue for them to consider, except apparently the question of the party or parties with whom she had actually contracted, which was left to their common sense. Later the trial court passed on a request to charge as follows: " Mr. Neuberger: I ask your Honor to charge the jury that if the jury find that there was no such corporation as the Kitty Gordon Feature Film Company, shown by the contract Exhibit A, and that these defendants held themselves out to the plaintiff as representing such corporation, then the defendants are individually liable. The Court: Well, I so charge. I could not submit the question at all to the jury unless upon that theory of the case. Mr. Klein: To which the defendants except." It is clear that this was an erroneous charge as not being within any allegation made or suggested by the complaint or bill of particulars, and again demonstrates that the recovery and the submission to the jury were founded on an entirely different issue from that which defendants were required to meet in this action.

At the close of the case and directly before the charge of the learned trial court, plaintiff's counsel said: " I now move, if your Honor please, to conform the pleadings to the proof in the action." The Court: " I don't know what that means. In what respect? " Plaintiff's counsel replied: " Your Honor has denied the motion and I except." The Court: " Yes, I cannot have any such motion made in those general terms." In this ruling the trial court was entirely correct. It is quite obvious that, if the plaintiff's counsel had followed the proper practice and indicated definitely what amendment of the complaint he desired, it would have become apparent at once that the theory of recovery had been completely changed from that set forth in the pleadings. Under the original pleadings, by no possibility could a recovery have been had by plaintiff. If she relied upon the contention that she had merely signed this written contract without reading it and without knowledge of its terms, that, in the absence of fraud, would not have entitled her to recover, and her claim would have been very difficult of acceptance in view of her undisputed notation of the various changes therein. If she claimed that she had been induced by fraud to sign a contract with the Kitty Gordon Feature Film Company, that claim would have been impossible of acceptance in view of her testimony that she had never heard of that company until three or four weeks before the trial. If she claimed that the defendants had fraudulently executed a contract upon

behalf of a non-existent corporation, that claim would have been equally difficult of acceptance in view of the fact, as has been said, that she never heard of the corporation until a short time before the trial, and that the contract was signed as an official of that company by only one of the defendants, Anderson, the other being only a witness thereto. But, if she claimed that she was entitled to recover from these defendants individually by reason of their fraud in inducing her by misrepresentation or other unlawful acts to sign a contract with a non-existent corporation in whose behalf they purported to act as officials, that would have required suitable allegations which can be found nowhere in the complaint herein, and were not supplied by any amendment during the trial.

Whatever right the plaintiff may have, if any, upon the state of facts disclosed by the record herein, cannot be determined in this action, which is based upon a theory totally opposed to the facts as proven and finding no warrant in law thereupon.

The judgment and order appealed from will, therefore, be reversed, with costs, and the complaint dismissed, with costs to defendants.

CLARKE, P. J., LAUGHLIN, PAGE and MERRELL, JJ., concur.

Judgment and order reversed, with costs, and complaint dismissed, with costs.