PERCIVAL W. COPELAND, Respondent, *v.* FRANCIS M. HUGO, Appellant, Impleaded with INTERSTATE MORTGAGE CORPORATION, Defendant.

Fourth Department, January 15, 1925.

Pleadings — complaint — amendment may be made at trial under Civil Practice Act, § 105, and Rules of Civil Practice, rule 166, in discretion of court on such conditions as court may impose — definite scope of amendment must be stated — notwithstanding plaintiff failed to state amendment desired, order permitting service of amended complaint is affirmed under circumstances in this case.

A judge presiding at a trial has the same power, under section 105 of the Civil Practice Act, and rule 166 of the Rules of Civil Practice, to grant amendments to a complaint as a judge at Special Term, and in his discretion he may permit the complaint to be so amended as to change the cause of action, subject, likewise, in his discretion, to such terms and conditions as he may see fit to impose for the protection of the defendant.

However, when an amendment is sought to a complaint, the attorney for the plaintiff should point out definitely the scope of the proposed amendment in order that both the judge and the opposing counsel may be informed of the intentions of the plaintiff.

Notwithstanding the plaintiff's attorney did not follow the required practice and did not state the scope of the desired amendment, the order by the Trial Term, authorizing the plaintiff to serve an amended complaint, is affirmed, since it appears that the order was granted after a long conference between the judge and the attorneys for the parties and that the record includes the amended pleading actually served.

DAVIS, J., dissents, with memorandum.

APPEAL by the defendant, Francis M. Hugo, from an order of the Supreme Court, made at the Oneida Trial Term and entered in the office of the clerk of the county of Oneida on the 10th day of October, 1924, granting plaintiff's motion to withdraw a juror, permitting plaintiff to serve an amended complaint in such form and setting up such cause of action as he might desire or be advised, and permitting such cause of action set up in such amended complaint to be brought either in law or equity.

*Moses G. Hubbard, Jr.,* for the appellant.

*C. R. Dewey* [*H. T. Dorrance* of counsel], for the respondent.

PER CURIAM:

Under the provisions of the Civil Practice Act and the Rules of Civil Practice, the judge presiding at the trial has the same power to grant amendments to pleadings as has the judge at Special Term. (Civ. Prac. Act, § 105; Rules Civ. Prac. rule 166; *Feizi* v. *Second Russian Ins. Co.,* 199 App. Div. 775.) This includes the power to allow amendments changing the cause of action. (*Feizi* v. *Second Russian Ins. Co., supra; Deyo* v. *Morss,* 144 N. Y. 216.) The exercise of the power is safeguarded by giving the judge authority to " adjourn the trial or direct a new trial, and impose terms and conditions in his discretion."

When such an amendment is sought, counsel should point out definitely the scope of the amendment intended. Unless this is done opposing counsel may be deprived of the full opportunity of voicing his objections and the judge may lack the necessary knowledge upon which his determination of terms and conditions must be based. (*Gordon* v. *Anderson,* 200 App. Div. 616.)

In the present case, so far as appears upon the record, the proper practice in this respect was not followed. The scope of the amendment desired was not stated nor did the order allowing the amendment impose any limitations in respect to its nature.

However, counsel for both appellant and respondent stated on the argument that the motion followed a long conference with the trial justice and the record includes the amended pleading actually served.

We think it would be futile under these circumstances to reverse the order because the proper practice was not followed and we prefer to consider the order as limited to the granting of leave to serve the amended complaint which has in fact been interposed.

When so viewed we find no abuse of discretion.

We, therefore, affirm the order, without costs.

Present — HUBBS, P. J., DAVIS, SEARS, CROUCH and TAYLOR, JJ. All concur; except DAVIS, J., who dissents in a memorandum.

DAVIS, J. (dissenting):

The grounds of my dissent are to be found in the opinion of the majority of my associates. It has always been considered essential in applying to the court for leave to amend a pleading, whether at Special Term or on the trial, that the nature of the amendment be definitely stated, so that the other party may be heard to state the grounds of his opposition to the motion. The record, even after the unrecorded " conference," indicates that the nature of the amendment sought was still undetermined in the mind both of plaintiff's counsel and the court.

Counsel said: " I ask leave of the Court to withdraw a juror in this action, and for leave to amend the complaint, to set up a cause of action in equity for fraud or on such other grounds as counsel for the plaintiff may, or that the plaintiff may be advised, and that the amendment of the complaint shall not prejudice the plaintiff from noticing this case for trial at the next Special Term to be held in this county, November 17th." The Court: " Motion to amend the complaint is granted. The plaintiff may on or before the 13th of this month, serve an amended complaint in such form as he desires. If that amendment of the complaint transfers the issues from a law issue to an equity issue, the amendment shall not prevent either party from noticing the case, and putting it upon the calendar for the next Special Term in this County. The motion to withdraw a juror is granted on the payment of the costs of the action to date."

This decision did not grant an amendment, rather it gave a license to amend, leaving the nature of the amendment optional with plaintiff's attorneys to be determined at some future time.

Amendments as of course are allowed under very definite conditions. (Civ. Prac. Act, § 244.) The cause of action may thereby be changed. (*Brown* v. *Leigh*, 49 N. Y. 78; *Doon* v. *American Surety Co.*, 110 App. Div. 215.) Likewise another cause of action may be substituted, where the result sought to be reached is the same, by an amendment permitted by the order of the court on motion. (*Deyo* v. *Morss*, 144 N. Y. 216; *Truman* v. *Lester*, 71 App. Div. 612.) But such motions are addressed to the discretion of the court (Civ. Prac. Act, § 105; Rules Civ. Prac. rule 166; *Deyo* v. *Morss, supra*), and the other party must be informed of the nature of the amendment, generally by furnishing a copy of the proposed amended complaint (*Stern* v. *Knapp*, 8 Civ. Proc. Rep. 54) and is entitled to be heard on the question of whether any of his substantial rights may thereby be prejudiced. The defendants were deprived of any opportunity to be heard in opposition to the amendment now being sustained in this court, for there was no proposed amendment before the court below, and that court made no decision relative to plaintiff's right to make a particular amendment. In other words, this court is reviewing and deciding a question never determined by the order appealed from.

There is no authority for the procedure adopted that I am able to discover under our practice and I do not see how it could be allowed under any orderly system of procedure. Because of such gross irregularity I am constrained to vote for reversal.

Order affirmed, without costs.