PETER PIFATH and BERTHOLD DANZIGER, Respondents, v. THE NATIONAL CITY BANK OF NEW YORK, Appellant.— Action to recover damages for the alleged conversion by the defendant bank of certain shares of corporate stock deposited with the bank as security for the payment of three certain promissory notes secured by such collateral, made respectively (1) by plaintiffs: (2) by a corporation of which they were the sole stockholders, payment of which note was guaranteed by them; and (3) by the same corporation, payment of which note was likewise guaranteed by plaintiffs. Upon those notes, on October 20, 1937, the date of the

alleged conversion, there was unpaid the sum of $110,000. From a judgment in favor of the plaintiffs against the defendant, entered upon a verdict of a jury, and from an order denying defendant's motion to set aside that verdict and for a new trial, defendant appeals. Judgment reversed on the law and a new trial granted, with costs to the appellant to abide the event. Appeal from order dismissed. The judgment appealed from is not *secundum allegata et probata*. Plaintiffs, over the protest of the defendant, sufficiently expressed upon the trial by proper objections and motions, have been permitted to recover upon a cause of action not alleged in the complaint, as amplified and limited by bills of particulars and by certain allegations of plaintiffs' reply. Plaintiffs in effect declared upon an express oral contract allegedly made between them and the defendant on October 18, 1937, whereby for a valuable consideration the defendant undertook and agreed that if the plaintiffs on or before October 20, 1937, would pay the sum of $20,000 in reduction of the defendant's loans to the plaintiffs and their corporation and would pay the sum of $10,000 each and every month thereafter, on account of the balance of said loans, the defendant would keep said loans open without demanding prior payment of any unpaid balances, and retain the collateral theretofore deposited with it pursuant to such agreement. They also alleged that on October 20, 1937, the plaintiffs duly tendered to the defendant the sum of $20,000, which the defendant refused to accept. Upon the trial the plaintiffs failed to prove the cause alleged. They established no consideration and no tender; but were permitted to recover upon a cause not pleaded, namely, waiver by the defendant of its right to sell the collateral under the terms of written agreements between the plaintiffs and the defendant. This error is fatal to the plaintiffs' recovery. (*Walrath* v. *Hanover Fire Ins. Co.*, 216 N. Y. 220, 225; *Gordon* v. *Anderson*, 200 App. Div. 616, 619; *Douglass* v. *Wolcott Storage & Ice Co., Inc.*, 251 id. 79, 80; *Oatka Cemetery Association, Inc.*, v. *Cazeau*, 242 id. 415.) The appeal from the order has become academic. Lazansky, P. J., Adel, Taylor and Close, JJ., concur; Johnston, J., dissents and votes to affirm the judgment and order.