WILLIAM A. PALMER, Appellant, v. EVELYN KNEIBERT, Individually and as Administratrix, etc., of MINNIE E. KING, Deceased, and CITIZENS TRUST COMPANY, Respondents, and Others, Defendants.— Action based on fraud for the recovery of moneys claimed to have been turned over by the plaintiff to the defendant administratrix's decedent. Judgment dismissing the complaint reversed on the law and a new trial granted, costs to abide the event. As there is to be a new trial, all findings of fact and conclusions of law are reversed. So far as the savings bank accounts items were concerned, the witness Stiens was not disqualified by section 347 of the Civil Practice Act to testify to conversations had with the deceased respecting such moneys. It cannot be determined on this record whether she was or was not disqualified to testify in respect of the $2,000 note item. The ruling must await a development of the degree of interest she has or had in the matter, if any, and the effect thereof under section 347 of the Civil Practice Act. The trial court erred in ruling that other disinterested witnesses whose testimony was proffered were not qualified to testify in reference to conversations had with the deceased or admissions made by the deceased in reference to bank accounts referred to in the complaint. Lazansky, P. J., Hagarty, Carswell, Johnston and Close, JJ., concur.

PETER PIFATH and BERTHOLD DANZIGER, Appellants, v. NATIONAL CITY BANK OF NEW YORK, Respondent.— Action to recover damages for the alleged conversion of certain shares of stock deposited by plaintiffs as collateral security for the payment of promissory notes. Plaintiffs recovered judgment. This court reversed and ordered a new trial because plaintiffs were permitted to recover upon a cause of action not pleaded, namely, waiver by the defendant of its right to sell the collateral under the terms of written agreements between the plaintiffs and defendant. (Pifath v. National City Bank of N. Y., 256 App. Div. 1006.) Plaintiffs then moved at Special Term to amend their reply to allege waiver and to eliminate from their reply allegations of consideration and tender. The motion was denied. The Special Term held that as the court on the trial denied plaintiffs' motion to amend their reply so as to plead waiver, it could not entertain the motion. While the Special Term has no jurisdiction to strike out an amendment to a pleading permitted in the course of a trial (Conlew, Inc., v. Uhler, 239 App. Div. 380; Dane v. MacFadden Publications, Inc., 226 id. 815), this rule has no application to the facts in the instant case. Here, although plaintiffs' motion to amend so as to plead waiver was denied at the Trial Term, they nevertheless recovered on the theory of waiver. Order, in so far as appealed from, reversed on the law, with ten dollars costs and disbursements, and motion granted, without costs, upon condition that within ten days after the taxation of costs plaintiffs pay a full bill of costs up to the time the motion was made at Special Term, the amended reply to be served within ten days after payment of said costs. In the event of plaintiffs' failure to comply with the foregoing conditions, the order, in so far as appealed from, is affirmed, without costs. Lazansky, P. J., Johnston, Adel, Taylor and Close, JJ., concur.