ELIZABETH M. HURRY, Respondent, *against* HERBERT G. COFFIN, Appellant.

(Decided July 17th, 1882.)

An appeal may be taken to this court from a judgment of a district court in the City of New York entered against a defendant upon his failure to appear.

APPEAL from a judgment of a district court in the City of New York.

A summons, and a complaint which was defectively veri-
fied, were duly served upon the defendant. Upon the return
day of the summons the defendant failed to appear, and the
plaintiff took judgment without proof, as though his com-
plaint had been sufficiently verified; and from the judgment
thus rendered the defendant appealed.

*Benjamin Yates*, for appellant.

*Randolph Hurry*, for respondent.

VAN BRUNT, J.—[After stating the facts as above.]—
The sufficiency of the verification of the complaint it is not
necessary to consider now, as it was conceded to be defect-
ive upon the argument of this appeal by the counsel for
the respondent; but we will confine ourselves to the objec-
tion that no appeal lies from a judgment entered by default.

That this is true in respect to the judgments of courts of
record, seems to be sufficiently established by the case of
*Maltby* v. *Greene*, (3 Abb. Ct. of App. Dec. 144; 1 Keyes
548), and cases there cited; but that a different rule pre-
vails in respect to appeals from judgments entered by
default in the district courts seems to be equally well
settled, as the Code of Civil Procedure has made express
provision for appeals from judgments in cases where the
defendant has not appeared. Section 3207 of the Code
provides that section 3126 applies to actions upon contract
brought in a district court of the City of New York. Sec-
tion 3126 provides for the entry of judgment upon a pro-
perly verified complaint without proof. Section 3213
provides that an appeal from a judgment rendered in a
district court of the City of New York may be taken in the
cases and in the manner prescribed in articles first and second
of title eight of chapter nineteen of this act with respect
to an appeal to a county court from a judgment rendered
by a justice of the peace, and not otherwise; and that
such appeal must be taken to the Court of Common Pleas
for that city and county. Section 3046, being part of said

article first, above mentioned, provides that "an appeal must be taken within twenty days after the entry of the judgment in the justice's docket, except that when a defenddant appeals from a judgment rendered in an action *wherein he did not appear* and the summons was not personally served upon him, the appeal may be taken," &c.

This language clearly shows that appeals may be taken from judgments entered in the district courts where the defendant did not appear, and such appeals were for a long time the only method for opening a default taken in such courts. Such appeals were entertained in the cases of *Howard* v. *Brown*, (2 E. D. Smith 247) and of *Jones* v. *Pridham*, (3 E. D. Smith 155), and judgment reversed for want of sufficient proof of the plaintiff's claim.

The right of appeal was in no way abridged by the giving of the power to open defaults to the district courts themselves.

This appeal being authorized, and there being no proof of the plaintiff's claim, the complaint not being properly verified, the judgment cannot be sustained.

Had we any discretion upon the subject, we would not give costs, but the statute has placed that question beyond our control (*Alburtis* v. *McCready*, 2 E. D. Smith 39).

The judgment must be reversed.

VAN HOESEN, J.—It has always been the rule that, though the defendant did not appear in an action before a justice of the peace, the plaintiff could not obtain judgment without proving his cause of action by legal evidence (2 Wait's Law and Practice, 635, and the cases there cited). Where the complaint is properly verified, and is served with the summons, the Code of Civil Procedure, sections 3207 and 3126, provides that no proof of the cause of action will be required in an action to recover for a breach of contract. Where the complaint is not verified, or where it is not verified "in like manner as a verified pleading in the Supreme Court," the district court has no authority to enter judgment without proof of the plaintiff's

demand, notwithstanding the defendant's non-appearance at the trial. An appeal has always lain to the county court, or to the Court of Common Pleas, from a judgment rendered in a district court or by a justice of the peace, where the plaintiff's cause of action has not been proved (see authorities already cited).

Judgment reversed.