(24 Civ. Proc. R. 45; 9 Misc. Rep. 455.)

JACOBS v. ZELTNER.

(Common Pleas of New York City and County, General Term. August 1, 1894.)

1. APPEAL—REFUSAL TO OPEN DEFAULT IN SUMMARY PROCEEDINGS.
   An order in summary proceedings, refusing to open a default, is not appealable, as there is no provision therefor in the statute regulating appeals from the district courts to the common pleas.

2. SUMMARY PROCEEDINGS—PROCESS—IMPEACHING MARSHAL'S RETURN.
   Where the marshal's return of the service of the precept in summary proceedings states that it was left with a person of suitable age and discretion, residing on the premises, defendant being absent, the presumption of regularity is not overcome by affidavits of defendant, his wife and children, stating that the precept was not served on them.

Appeal from fourth district court.

Summary proceedings by Isaac Jacobs against Henry Zeltner to recover possession of premises. The possession was awarded to plaintiff, and a motion to open a default was denied, and defendant appeals. Final order affirmed. Appeal from denial of motion dismissed.

Argued before BOOKSTAVER and BISCHOFF, JJ.

Stiefel & Lauer, for appellant.
Joseph Steiner, for respondent.

BISCHOFF, J. Judgment for dispossession of the appellant from that certain portion of the premises in question which he held by lease was rendered upon default of his appearance, and the warrant was duly executed. The proceedings were based upon the certificate of a marshal to the effect that the precept had been served upon defendant by delivering the same to and leaving it with a person of suitable age, residing upon the premises, defendant being at the time absent therefrom. Appellant subsequently made motion before the justice to open his default, upon the ground that he was never apprised of the issuance of process; and, in support of this motion, affidavits were presented, which are annexed to the return upon this appeal, verified respectively by appellant, his wife, and their two children, it appearing therefrom that the precept was not served upon any one of the affiants. The justice denied the motion expressly upon the ground that he possessed no power to open the default, and, from the order thereupon entered, it appears that no examination into the merits of the application was made. This appeal was taken from such order, and from the final order for dispossession.

A judgment rendered upon default of appearance in a district court is appealable to this court, notwithstanding the power conferred upon the justices to open defaults on motion (Hurry v. Coffin, 11 Daly, 180); and in view of the provisions of section 2260 of the Code, whereby final orders in summary proceedings are, in nature, assimilated to judgments, for purposes of review (Moench v. Yung [Com. Pl. N. Y.] 9 N. Y. Supp. 637), the case first cited is an authority for the proposition that such a final order, when obtained by default, is none the less appealable. It would appear that the jus-

tice misapprehended the extent of his powers in this case, for the motion to open the default, as here made, clearly called for determination, in the exercise of that discretion which was vested in him by section 1367 of the consolidation act, yet from the order denying such motion no appeal lies. The statutory provisions governing appeals from the district courts are found in sections 3044 to 3067 of the Code,—see consolidation act (Laws 1882, c. 410, § 1438; Code Civ. Proc. § 3213),—and no provision for an appeal from an order granting or denying a motion to open a default is there made. In the absence of such a provision the appeal cannot be entertained, the power to review proceedings of these courts being purely statutory. See Rosenthal v. Grouse, 12 Daly, 529.

The appeal from the final order, however, suffices to present the question raised by appellant in the court below (Code Civ. Proc. § 3064; Hurry v. Coffin, supra), and the matter is to be determined upon the affidavits incorporated in the return. We are constrained to hold that these affidavits are insufficient for the purpose intended, and cannot avail against the marshal's certificate, which, in form and substance, fulfills the statutory requirements essential to the validity of the order made. Code Civ. Proc. § 2240. For all that is alleged in these affidavits, as matter of fact, the service may well have been made as certified to by the marshal, and the presumption of regularity which attaches in support of the judgment cannot be here deemed to have been successfully rebutted. This is not, as was Waring v. McKinley, 62 Barb. 612, a case where a direct return of personal service was made, and successfully impeached; and, furthermore, the appellant here fails to present any defense to the proceeding, which omission this court has held to be fatal to an appeal of this character. Jewell v. Heinzel, 6 Daly, 411. The final order must be affirmed, with costs. Appeal from order denying defendant's motion dismissed, without costs.