(13 Misc. Rep. 244.)

## NICHOLSON v. MORIARTY.

(Common Pleas of New York City and County, General Term.  June 3, 1895.)

1. NEW TRIAL—POWER OF NEW YORK DISTRICT COURT.
    The district courts of New York City have no power to set aside a verdict and grant a new trial.
2. APPEAL—INTERLOCUTORY ORDER OF DISTRICT COURT.
    No appeal lies to the court of common pleas from an interlocutory order of a district court.

Appeal from Eighth district court.

Action by Ethel F. Nicholson against Kate M. Moriarty.  From a judgment entered on a verdict in favor of plaintiff, defendant appeals.  Affirmed.

Argued before BOOKSTAVER and BISCHOFF, JJ.

E. R. Root, for appellant.

E. M. Wight, for respondent.

BISCHOFF, J.   Defendant appeals from the judgment entered in this action, and also asks us to review the determination of the justice in denying a motion to set aside the verdict and grant a new trial.   This verdict was rendered after appearance by the defendant, and active litigation of the issues; hence the justice was without power to grant the motion, as we have lately held in the case of Zimmermann v. Bloch (Com. Pl. N. Y.) 32 N. Y. Supp. 1073, and his ruling was correct.   Moreover, no appeal lies to this court from an interlocutory order of a district court.   Jacobs v. Zeltner, 9 Misc. Rep. 455, 30 N. Y. Supp. 238; Wensley v. Randolph, 9 Misc. Rep. 457, 30 N. Y. Supp. 239.

The judment is assailed as against the weight of the evidence, no exceptions having been taken upon the trial, and no objections to the charge of the justice being raised; but, upon the facts, we think that there is no ground for disturbing the result arrived at by the jury.   The plaintiff's claim and defendant's counterclaim, respectively, rested for success upon the state of an agreement between the parties, and upon what was done thereunder.   As to the terms of this agreement, and as to the extent of its performance by plaintiff, the testimony was in utterly irreconcilable conflict, and no aid to ascertainment of the truth was to be derived from extraneous circumstances.   Therefore, following the established rule, we decline to interfere with the jury's conclusion upon the evidence.   Judgment affirmed, with costs.