(14 Misc. Rep. 21.)

### SPIERO v. METROPOLITAN ST. RY. CO.

(Common Pleas of New York City and County, General Term. August 22, 1895.)

JURISDICTION OF PERSON—WAIVER OF OBJECTION BY APPEAL.

> Under Code Civ. Proc. § 3045, made applicable to appeals from district courts to the court of common pleas by Consolidation Act, § 1438, and Code Civ. Proc. § 3213, providing that an appeal may be taken by any party aggrieved by the judgment, a defendant, by appealing from a judgment, necessarily concedes that it was properly served with process, or duly appeared in the action.

Appeal from First district court.

Action by Isaac Spiero against the Metropolitan Street-Railway Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before BISCHOFF and GIEGERICH, JJ.

Henry A. Robinson (John T. Little, of counsel), for appellant.
Louis Cohen, for respondent.

GIEGERICH, J. This action was brought for damages to the plaintiff's horse and truck, caused by a collision with a cable car. The summons was entitled against the Broadway & Seventh Avenue Railroad Company, but was served upon one Hasbrouck, the vice president of the Metropolitan Street-Railway Company. The Broadway Company appeared, however, upon the return day, and filed a verified answer. It also cross-examined the plaintiff's witnesses, and otherwise took part in the proceedings at the trial, and, after the plaintiff had rested, put in evidence that the Metropolitan Company operated the road on which the accident occurred at the time of the accident. The justice then allowed the plaintiff to amend by inserting the name of the Metropolitan Company as defendant, and offered an adjournment if surprise was pleaded; and, upon motion of the Broadway Company, an adjournment was granted. Upon the adjourned day the complaint was dismissed as to the Broadway Company, and, the Metropolitan Company failing to appear, the judgment was rendered against it, from which this appeal is taken.

The appellant urges that it was not properly brought in as a party defendant. But this claim is inconsistent with the position it has assumed as an appellant. Section 3045 of the Code of Civil Procedure, which is made applicable to appeals from district courts to this court by section 1438 of the consolidation act and section 3213 of the Code of Civil Procedure, provides that an appeal may be

taken by any party aggrieved by the judgment.   By undertaking to appeal, the defendant necessarily concedes that it was properly served with process, or duly appeared in the action.   Otherwise, it would be a stranger to the action, and without standing to appeal (Tracy v. Bank, 37 N. Y. 523; People v. Lynch, 54 N. Y. 681; Watson v. Nelson, 69 N. Y. 536; Martin v. Kanouse, 2 Abb. Pr. 390; E. B. v. E. C. B., 28 Barb. 299); and the court, under the above provision of section 3045, would be without jurisdiction to entertain the appeal.   We see no way, therefore, of treating this appeal except as one from a judgment entered by default.   The respondent's contention that no appeal lies from such a judgment is mistaken, so far as concerns appeals from district courts to this court (Hurry v. Coffin, 11 Daly, 180, and cases cited); and if the plaintiff's proof of his claim had been insufficient a reversal should result (Hurry v. Coffin, supra).   But the evidence adduced upon the trial established prima facie a cause of action for the amount recovered.   The judgment must be affirmed, with costs.