(24 Misc. Rep. 273.)

## WANDS v. ROBARGE.

(Onondaga County Court.   July, 1898.)

1. LANDLORD AND TENANT—SUMMARY PROCEEDINGS — JURISDICTION — APPEAR
ANCE.
  Defendant in summary proceedings is not in court by voluntary appearance until he has filed a verified answer, as required by Code Civ.
Proc. § 2244, or an answer that could be held to be a waiver of a verified
answer.
2. SAME—PETITION—VERIFICATION—WAIVER.
  Failure to verify a petition in summary proceedings before a justice of
the peace is jurisdictional, and cannot be waived.
3. SAME—INSUFFICIENCY OF DESCRIPTION—WAIVER.
  When a petition in summary proceedings is insufficient to confer jurisdiction for want of a sufficient description of the premises, defendant
cannot waive the defect.
4. APPEAL—DECISIONS REVIEWABLE.
  An appeal will lie from a void judgment.

Appeal from justice court.

Summary proceedings by Mary A. Wands against George Robarge.
There was a judgment for plaintiff, and defendant appeals.   Reversed.

Andrew W. Wilkin, for appellant.
William Kennedy, for respondent.

ROSS, J.   It is claimed by the defendant that the proceedings had
before the justice conferred no jurisdiction upon him for the following
reasons:    That the petition was not verified as required by law; that
the description of the premises sought to be obtained is insufficient;
that the petition does not state facts sufficient to bring the case within
any of the provisions of the statute authorizing summary proceedings
to recover possession of real property.   It does not allege that the
tenant is in default in payment of rent which has been demanded; does
not allege that the tenant is holding over after the expiration of his
term without permission of the landlord; in fact does not allege any
jurisdictional fact required to bring the case within the statute relating to the summary recovery of real property, to which may be
added that the purported judgment is not in the form required by
law.   It purports to be a judgment instead of a final order, and does
not award to the petitioner the delivery or possession of the property described in the petition.   With the exception of the objection
last named, the irregularities mentioned were substantially conceded
upon the argument to be fatal to maintaining the judgment or order
appealed from, unless the same were cured by the personal appearance of the tenant upon the return day before the justice and by what
took place at that time.

The statutes relating to the recovery of possession by summary
proceedings of real property are to be strictly construed or the justice
will not obtain jurisdiction.    Farrington v. Morgan, 20 Wend. 207;
Coatsworth v. Thompson, 5 N. Y. St. Rep. 809;  Marchand v. Haber,
16 Misc. Rep. 319, 37 N. Y. Supp. 950.    The Code of Civil Procedure
(section 2876) provides that an action may be commenced before a justice of the peace by the voluntary appearance and joinder of issue by

the parties, or by the service of a summons. No provision for a voluntary appearance in summary proceeding to obtain possession of land is found. To bring the parties into court, it is necessary to present a written petition, stating the jurisdictional facts required, and verified in like manner as a verified complaint in an action in the supreme court. At the time the precept issued upon the petition so presented is returnable, the person to whom the petition is directed may file a written answer, verified in like manner as a verified answer in the supreme court. Section 2244. The issues are joined by such petition and answer (section 2247); and, until such joinder of issue, the defendant is not in court. In other words, assuming that the defendant in a proceeding of this character could waive an irregularity in the length of time, or form of precept, or in the petition itself, he can only do so by filing a verified answer, or an answer that could be held to be a waiver of such a verified answer, and until he is in court by such a joinder of issue, or by service as required, no proceeding is pending. Lester v. Crary, 1 Denio, 81. In this case the parties appeared before a justice of the peace, with a view to the commencement of a suit before him, and an adjournment was had at the request of the defendant, without issue joined or any pleadings put in. It was held that no suit was thereby commenced, and the plaintiff, having appeared upon the adjourned day, declared and put in his proofs. The judgment entered thereon was held to be erroneous. It is not necessary, however, to base a reversal of this judgment upon the foregoing grounds alone, but I think the justice failed to obtain jurisdiction of the subject-matter of the proceeding for reasons even more emphatic than those already suggested. The case of Burckle v. Eckhart, 3 N. Y. 132, 137, was a suit upon a contract in which the defendants appeared, but the bill was taken as confessed for want of an answer. Upon the trial, testimony upon both sides was given, and the plaintiff offered in evidence an exemplified copy of the proceeding and a decree in the court of chancery before the vice chancellor of the Fifth circuit. It was claimed by the defendants that this was inadmissible because the chancellor of the Fifth circuit had no jurisdiction because of the nonresidence of the defendants, and claimed at the close of the evidence that a nonsuit should be granted because the decree in question was not evidence to go to the jury. Gardiner, J., on page 137, says:

"The residence of a defendant within the limits of the circuit, according to the third subdivision of second section of the statute above quoted, is a jurisdictional fact which must exist before the court can act at all, either by issuing process or accepting the appearance of a defendant. It is necessary to give jurisdiction of the cause, not of the person. In such case there can be no waiver."

Coatsworth v. Thompson, 5 N. Y. St. Rep. 809, was a decision of the superior court of Buffalo, at general term. This was a proceeding to recover the possession of real property in which the petition was not verified, and upon the return day one of the defendants (both being personally served) appeared, and the matter was held by consent. Upon a future day one of the defendants again appeared, and objected to the jurisdiction upon the ground that the petition was not verified. Held, that the appearance of the defendant Y. upon the return day,

without stating or qualifying his appearance, was a general appearance, but did not amount to a waiver of his right to make objections to the insufficiency of the petition.    Campbell v. Mallory, 22 How. Prac. 183, is a decision made by the county judge of Yates county. This was a proceeding to recover possession of real property, and the affidavit filed with the justice alleged, with other things, that the tenant was in possession of a certain house and lot, situated in the village of Penn Yan.    The summons required the tenant to remove from the house and lot on Clinton street, in the village of Penn Yan, occupied by him, or to show cause, etc.    On the day mentioned in the summons for showing cause, the defendant appeared in person and by counsel before the magistrate, and put in an answer under oath, denying, in substance, that he held over as claimed.    Upon this issue the parties went to trial, and it was decided that the tenant was guilty of holding over and continuing in possession of the premises, and a warrant was served for the purpose of removing him therefrom.    It was held upon the appeal from this judgment or order that, because of the insufficiency in the description contained in the petition, no jurisdiction was conferred upon the magistrate to act, notwithstanding the fact that the tenant did not make any such contention before the magistrate, and a trial was had upon the merits.    The learned county judge says, on page 189:

"But it may be said that the statute confers this jurisdiction.    In a general sense, the statute does confer upon the magistrate jurisdiction of proceedings of this character; yet, after all, this jurisdiction must be taken and exercised in strict conformity to the statute, and in no other way can his acts be recognized as valid.    The magistrate not having acquired jurisdiction of the subject-matter for the reasons stated, he could not take jurisdiction of any of its consequences or incidents. * * * Nor could consent confer this jurisdiction, * * * though it will of the person, when jurisdiction of the subject-matter has been previously acquired."

In the case of Coffin v. Tracy, 3 Caines, 129, it is stated: "Consent will take away error, but neither that nor confession will give jurisdiction."

But it may be contended that this judgment is absolutely void, and that there is no judgment from which an appeal can be taken. Schneider v. Leizman, 57 Hun, 561, 11 N. Y. Supp. 434.    But in that action no judgment or final order had been made or entered by the justice.    I think, however, an appeal will lie to correct the errors claimed.    Striker v. Mott, 6 Wend. 465; Frost v. Frost, 15 Misc. Rep. 167, 37 N. Y. Supp. 18.

The judgment or order appealed from is reversed, with costs.    If the attorneys cannot agree upon the form of the judgment, it may be settled upon two days' notice, as I do not now determine whether restitution should be ordered.    Code Civ. Proc. § 2263.

Judgment and order reversed, with costs.