(24 Misc. Rep. 733.)

## SCHWARTZ v. SCHENDEL.

### (Supreme Court, Appellate Term.    October 5, 1898.)

1. MUNICIPAL COURTS—DEFAULT JUDGMENT—APPEAL.
    Under Code Civ. Proc. § 3213, allowing an appeal from a judgment in the district court of the city of New York in cases mentioned in section 3046, which provides that when any defendant appeals from a judgment rendered in an action "wherein he did not appear," and personal service was not had, the appeal may be taken, etc., an appeal will lie to the appellate term from the municipal court of the city of New York on a default judgment.

2. DAMAGES—EVIDENCE—NOMINAL RECOVERY.
    Where there was no evidence of the nature and quantity of goods damaged by an overflow of water, or the extent of the injury, the only evidence being that the goods were approximately of the value of $200, according to the testimony of a witness, and that it would take that much to replace them, a recovery of more than nominal damages cannot be sustained.

Appeal from Second district court.

Action by Olga Schwartz against Simon Schendel for damages by an overflow of water.    From a judgment for plaintiff, defendant appeals.    Reversed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

Benno Loewy, for appellant.
Abraham B. Schleimer, for respondent.

GIEGERICH, J.    It is maintained that no appeal lies to this appellate term from a judgment of the municipal court of the city of New York, entered by default; but in Hurry v. Coffin, 11 Daly, 180, and again in Spiero v. Railway Co., 14 Misc. Rep. 21, 35 N. Y. Supp. 123, it was expressly held by the general term of the court of common pleas that an appeal may be taken.    The justice fixed the value of the goods claimed to have been injured by the overflow at $200.    The return, however, fails to disclose any competent evidence on which to rest such determination.

The only testimony touching the nature and extent of the damage claimed to have been sustained by the defendant's negligence was given by the husband of the plaintiff, who testified:

"Q. Did the water coming from the defendant's premises do any damage to any of the goods belonging to the plaintiff in this action?    A. Yes, sir, quite considerable.    Q. What was the value of the goods damaged?    A. I have given the value of the goods at a rough estimate, two hundred dollars, but they were worth, that is, the market price of the goods was, more than that, and it costs us more than that.    Q. Was that the price it would cost to replace the goods on the day in question?    A. Yes, sir."

As the nature and quantity of the goods, the extent of the injury thereto, if any, and the kind of business the plaintiff was engaged in, and her husband's connection therewith, if any, were not shown, the former was entitled, at most, to nominal damages only for the alleged overflow.    Connoss v. Meir, 2 E. D. Smith, 314; Whitmark v. Lorton (Com. Pl.) 8 N. Y. Supp. 480.

There were other grounds urged for a reversal of the judgment, but, in view of the conclusion above reached, it will not be necessary to consider them. The judgment should therefore be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.