### DREYFUS v. CARROLL.

.(Supreme Court, Appellate Term. June 28, 1899.)

1. LANDLORD AND TENANT—SUMMARY PROCEEDING—PLEADING.
    A petition in summary proceedings against a tenant by one not a party to the lease, which alleged that petitioner is the landlord, without alleging any facts to show how he succeeded to the lessor's interest, is fatally defective.

2. SAME—JURISDICTION—EFFECT OF APPEARANCE.
    A mere appearance on an adjourned day by a tenant, in summary proceedings, cannot cure a failure of the petition to allege jurisdictional facts.

3. APPEAL AND ERROR—ORDER ENTERED ON DEFAULT.
    An order entered on default is appealable.

4. SAME.
    An objection going to the jurisdiction may be raised on appeal from a default judgment.

Appeal from municipal court, borough of Manhattan, Fourth district.

Summary proceedings by Julius Dreyfus against Michael T. Carroll. Judgment for plaintiff, and defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Julius Henry Cohen, for appellant.
Maurice Rapp, for respondent.

LEVENTRITT, J. This is an appeal by the tenant from a final order in summary proceedings, and involves for our determination the sufficiency of the petition on which the proceeding is based. So much of the petition as is material to this review reads:

"The petition of Albert E. Figor, of said city, respectfully shows that your petitioner is the agent of Julius Dreyfus, who is the landlord of the following premises, to wit, the entire house and premises known as 'Number 316 East Fourteenth Street,' in the Fourth district of the borough of Manhattan, in the city of New York, and that on or about the 15th day of October, 1897, Pauline W. Le Roy, Stuyvesant Le Roy, and Amos T. French, as trustees and former landlords, entered into an agreement in writing with Michael T. Carroll, as tenant thereof, by the terms of which said agreement the said tenant hired from the said landlord the said premises before described, and undertook and promised to pay the said landlord the sum of $1,200 per annum; also, for the further term of fifteen days, six months, and one year from 15th October, 1898, at the yearly rent or sum of $1,300 per annum, all payable monthly in advance on the 1st day of each month thereafter during occupancy, for the use and occupation thereof, and did thereupon enter into the occupation of said premises; that on the 1st day of February, 1898, there was due to the said landlord, and by virtue of said agreement, the sum of $216.68, for one month's rent of the said premises before described, to wit, from the 1st day of February, 1899, to the 1st day of March, 1899."

The petition is dated and verified the 3d day of March, 1899.

On the return day of the precept, the tenant failing to answer, the justice, of his own motion, directed that the proceeding stand over, to enable the tenant to interpose an answer. On the adjourned day the tenant obtained time for that purpose, but, defaulting on the next adjourned day, a final order of dispossession was made.

The tenant contends that the petition is fatally defective, in its

omission to allege the jurisdictional fact of the existence of the conventional relation of landlord and tenant, and that his suffering a default to be taken after his appearance in court does not preclude his remedy by appeal. The crucial question in determining the sufficiency of the petition is, does it show by an allegation of fact that Julius Dreyfus was landlord, and Michael T. Carroll his tenant, on the 1st day of February, 1899, when the rent accrued for the nonpayment of which this proceeding was instituted. The answer must be in the negative. The petition states merely that Dreyfus was the landlord on the 3d day of March, 1899. It does not appear that he had any interest in the premises on the 1st day of February, 1899. Had the original letting been by him, it would,. of course, have been unnecessary to allege how his interest in the premises was acquired, as the tenant would have been estopped from denying his title; but, the lease having been made by the Le Roys and French, it became necessary to allege the facts by which the title to the premises passed from them to him. Under such circumstances, the bald statement that he was the landlord at the time of praying for the issuance of a precept is, in the absence of allegations of fact showing devolution of title prior to the maturity of the rent, a mere conclusion. Being a stranger to the lease, he remains a stranger to the proceeding, despite calling himself "landlord," because he fails to show how he succeeded to the lessors' interest. We are not permitted to indulge in any inference to bridge the hiatus in the petition, for we should then be supplying jurisdictional facts. It is elementary that the conventional relations of landlord and tenant must be shown to have existed between the parties by agreement. Benjamin v. Benjamin, 5 N. Y. 383; People v. Simpson, 28 N. Y. 55; Evertson v. Sutton, 5 Wend. 281. Otherwise, there is no authority in the justice to issue the precept. The petition before us does not allege any agreement directly with Dreyfus, or indirectly with him, by showing his succession to the rights of the prior landlords.

There is no merit in respondent's contention that this order, having been granted on default, is not appealable. The precise question has been adversely decided in a number of cases. Jacobs v. Zeltner, 9 Misc. Rep. 455, 30 N. Y. Supp. 238; Hurry v. Coffin, 11 Daly, 180; Spiero v. Railway Co., 14 Misc. Rep. 21, 35 N. Y. Supp. 123. Besides, as the objection goes to the jurisdiction, it can be raised on appeal after default. The mere appearance of the tenant in court on one of the adjourned days cannot supply an omitted jurisdictional fact, without which the petition conferred no power on the court to act. Wands v. Robarge, 24 Misc. Rep. 273, 53 N. Y. Supp. 700. The order must be reversed.

Order reversed, with costs to the appellant. All concur.