## WALLOT v. WEBER et al.

(Supreme Court, Appellate Term. February 23, 1900.)

1. APPEAL—DECISIONS REVIEWABLE—MUNICIPAL COURT.
　　An appeal lies to the supreme court from a judgment rendered on default in a municipal court.

2. SAME.
　　A judgment for plaintiff may be reversed if the evidence is insufficient to make out a cause of action.

3. SALES—ACTION FOR PRICE.
　　Evidence in an action for goods sold and delivered that the sale was made by plaintiff's husband, without any proof that the goods were her property, or that the transaction was on her account, will not sustain a judgment in her favor.

Appeal from municipal court, borough of Manhattan.
Action by Carrie Wallot against George Weber and another. From a judgment for plaintiff, defendants appeal. Reversed.
Argued before TRUAX, P. J., and SCOTT and DUGRO, JJ.

I. A. Hourwich, for appellants.
J. M. Laventhal and M. E. Lehman, for respondent.

PER CURIAM. It is well settled that an appeal will lie to this court from a judgment rendered on default in a municipal court, and that the judgment may be reversed if the evidence offered in

support of the complaint is not sufficient to make out a cause of action. Hurry v. Coffin, 11 Daly, 180; Spiero v. Railway Co., 14 Misc. Rep. 21, 35 N. Y. Supp. 123; Schwartz v. Schendel, 24 Misc. Rep. 733, 53 N. Y. Supp. 829. In the case at bar the plaintiff failed to show in any way that the goods sold were her property, or that the transaction was had by her, or on her account, with the defendants. Her testimony shows that the sale was made by her husband, but what interest she had in the matter is not disclosed. In view of the conclusion which we have reached, that the proofs fail to sustain the judgment, it is unnecessary to consider the other questions raised on the appeal.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event.

Judgment reversed, and new trial ordered, with costs to the appellants to abide the event.