## HOROWITZ v. DECKER.

(Supreme Court, Appellate Term.  May 5, 1904.)

1. CHATTEL MORTGAGE—MUNICIPAL COURT ACT—REPLEVIN.

Under Municipal Court Act, § 139 (Laws 1902, p. 1533, c. 580), providing that no action shall be maintained in such court, arising on a written contract of conditional sale of personal property, where title is not to vest in the buyer until payment of a certain sum, or where a chattel mortgage is made to secure the purchase price, except an action to foreclose the lien, where a chattel mortgage was given to secure the purchase price of furniture sold to defendant, replevin could not be maintained in the Municipal Court to recover the property after condition broken.

2. SAME—INQUEST—APPEAL—REVIEW.

An appeal lies from an inquest taken without jurisdiction, and brings up the entire proceedings for review.

3. SAME—AMENDMENT—JURISDICTION.

Where replevin was erroneously brought to recover mortgaged chattels in the Municipal Court, and the defendant appeared generally, the justice had jurisdiction to grant leave to amend the summons in the action so as to change it from replevin to an action to foreclose a lien, as authorized by Code Civ. Proc. § 723, and Municipal Court Act, § 166 (Laws 1902, p. 1542, c. 580).

4. SAME—RESTORATION OF PROPERTY.

Where replevin erroneously brought in a Municipal Court to recover mortgaged chattels was changed by amendment to an action to foreclose a lien thereon, such amendment operated to terminate the replevin action, and entitled the defendant to a restoration of the property taken under the writ, in the absence of an attachment issued against the property as authorized by Municipal Court Act, § 138 (Laws 1902, p. 1532, c. 580).

5. SAME—CONDITIONS—COMPLIANCE.

Where replevin was erroneously brought in a Municipal Court to recover mortgaged chattels on breach of condition, and the court permitted an amendment of the summons so as to change the action to one to foreclose a lien, on payment of $10 costs and the immediate and unconditional restoration of the chattels to the defendant, and plaintiff paid the costs, but failed to restore the chattels, it was proper for the court to dismiss the action.

6. SAME—INQUEST.

Where an action was dismissed for failure of plaintiff to comply with one of the conditions imposed on an amendment of the summons, the court had no further jurisdiction to permit an inquest.

7. SAME—JUDGMENT.

Where replevin was erroneously brought in the Municipal Court to recover chattels mortgaged to secure the purchase price on an alleged breach of condition, and, after an attempted amendment of the summons so as to change the action to one to foreclose a lien, an inquest was taken, without an attachment of the property, an order entered directing a sale of the chattels "replevied at the commencement of the action" was erroneous, since the replevied chattels had been taken without jurisdiction.

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by Samuel Horowitz against Davis Decker. From a Municipal Court judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and LEVENTRITT and GREENBAUM, JJ.

Rosenthal & Brown, for appellant.
Charles S. Rosenthal, for respondent.

LEVENTRITT, J. It is a matter of some difficulty to state intelligently the involved history of events resulting in the judgment appealed from. The action was originally brought as one in replevin. On the usual affidavit, undertaking, and requisition, summons was issued to the marshal, who served it on the 8th day of September, 1903, by posting a copy on the outer door of the defendant's last known place of residence, and depositing another copy in the post office, addressed to the same place. It also appears by the marshal's affidavit annexed to the return that the property was actually replevied from

the possession of one Charles E. Watson, the chief clerk of the New York Central & Hudson River Railroad Company. The property consisted of various articles of furniture purchased on the installment plan by the defendant from the plaintiff. A chattel mortgage had been given, authorizing the plaintiff to repossess himself of the property on the defendant's default in the payment of any installment, or in the event of its removal or disposal without the written consent of the plaintiff first had. It is apparent that, under section 139 of the Municipal Court act (Laws 1902, p. 1533, c. 580), replevin would not lie in this case, and that the only action which could be brought was one to foreclose a lien on a chattel; the transaction between the parties being either a conditional sale, or the case of a mortgage made to secure the purchase price of chattels. On the return day of the summons September 16, 1903, the defendant presented an affidavit setting forth the transaction between the parties, and asked that the replevin writ be vacated, as having been issued without jurisdiction, and that the chattels be returned to him. The justice took the motion under advisement, the case in the meantime being set down for trial. The return states that the defendant interposed a general denial as an answer, and, although his attorney claims to have appeared only specially, there is nothing in the record—either in the return or by indorsement on the many motion papers—to support the claim. Several adjournments were had, and finally, on October 28th, an order was made dismissing the action, and directing the return of the chattels to the defendant. On the same day the plaintiff secured an order to show cause, returnable November 2, 1903, why a reargument should not be had, the dismissal set aside, and the action restored to the calendar. The decree was stayed in the meanwhile. The defendant defaulted on November 2d the plaintiff's motion was granted, the order of dismissal was vacated, and the case restored to the calendar for trial for November 13, 1903. Adjournments were again had from time to time to December 9, 1903, when defendant renewed his motion for dismissal. On December 11th the justice indorsed the following memorandum on the papers:

"I remain of opinion that, in its present form, I have no jurisdiction. Leave to amend is granted on restoration of the chattels and payment of $10 costs on or before December 18, 1903; then trial December 28, 1903; otherwise dismissal stands, with $10 costs."

Thereupon, and on December 16, 1903, an order was entered reciting that the court never acquired jurisdiction, and directing that the writ of replevin be vacated, with $10 costs; that the marshal forthwith restore the property to the defendant, and that—

"Upon the payment of $10 costs, and upon restoration of the property taken to the defendant herein on or before the 18th day of December, 1903, the plaintiff will be permitted to amend his summons to read an action 'to foreclose a lien'; and it is further ordered that, upon the plaintiff's failure to comply with the terms herein, that the action herein be, and the same is hereby, dismissed, with ten dollars costs."

A copy of this order was served on the plaintiff, who paid the $10 costs. A copy was also served on the marshal, who, however, failed to redeliver the articles of furniture; stating in an affidavit annexed to

the return, and verified January 5, 1904, that at the suggestion of plaintiff's attorney the furniture had been stored with the plaintiff, and, although twice demanded, redelivery could not be obtained. On December 21, 1903, three days after the time limited for the redelivery of the chattels to the defendant, a further order was made, final on its face, dismissing the action with costs; the order reciting that the plaintiff had failed to comply with the previous order, in that he had failed to restore the property to the defendant. This is the last order made in the case. So far as appears from the record, it has never been set aside or modified. Nevertheless it appears that somehow or other the case was again restored to the calendar. There is an affidavit of the plaintiff's attorney, reciting in part the history of the case, averring that he had never been served with the final order of dismissal, and praying for the restoration of the case to the calendar for the 8th day of January. On this affidavit there is indorsed, apparently in the handwriting of the justice, but without signature or initials, or anything else to make it effective, the following: "Jan. 15. case restored to calendar." The clerk's return, stating that the case was restored to the calendar, "and trial set down for January 15th, 1904"; but, despite the statement contained in the record that all papers are annexed and returned, there is no order or direction of the court in any wise modifying the effect of the final order of dismissal, or properly placing the cause back on the calendar. Nevertheless it seems that on January 15, 1904, the plaintiff appeared in court and took an inquest. Judgment was entered on this inquest for the foreclosure of the lien, and for the sale of the chattels "replevied at the commencement of the action," which were still in the possession of the marshal, and he was directed to satisfy the lien, to the extent of $98, out of the proceeds. From this judgment the present appeal is taken.

An appeal lies from the inquest taken without jurisdiction, and brings up the entire proceedings for review. Spiero v. Metropolitan Street Railway Co., 14 Misc. Rep. 21, 35 N. Y. Supp. 123; Hurry v. Coffin, 11 Daly, 180.

In the first place, it is quite apparent that there was no authority to maintain a replevin suit on the facts of this case. The plaintiff's sole remedy was to bring an action to foreclose a lien on a chattel, pursuant to sections 137–142 (pages 1532–1534) of the Municipal Court act. On proper application made, it was incumbent on the justice to vacate the requisition. There being a general appearance by the defendant, it was within the power of the justice to amend the summons in the action, changing it from one in replevin to one to foreclose a lien. Code Civ. Proc. § 723; Municipal Court Act, § 166 (Laws 1902, p. 1542, c. 580); Deyoe v. Morss, 144 N. Y. 216, 39 N. E. 81; Vincent v. King, 13 How. Prac. 234; 1 Rumsey's Practice [2d Ed.] 364. But this amendment did not validate the taking of the property under the replevin writ. By the amendment that action was wiped out, and the defendant became entitled to the restoration of the property taken by a writ which there was no jurisdiction to issue. It is true that in an action to foreclose a lien, where the plaintiff is not in possession of the chattel, a warrant may be issued in like manner as a warrant of attachment, commanding the marshal to seize the chattels and safely

keep them to abide the event of the action. Municipal Court Act, § 138 (Laws 1902, p. 1532, c. 580). The replevin writ, however, cannot be given the effect—and retroactively at that—of the warrant required by section 138.

It appears, therefore, that the conditional order of dismissal and amendment of December 16, 1903, was justified; that is to say, it was proper for the court to direct the immediate and unconditional restoration of the chattels to the defendant, and it was proper for the court to exercise its discretion by permitting the amendment of the summons as indicated, provided $10 costs be paid, and the chattels be restored. That order specifically provided "that, upon the plaintiff's failure to comply with the terms herein, that the action be dismissed," etc. There being default, the final order of dismissal, dated December 21, 1903, was authorized. It will not do for the plaintiff to say that, as he paid the costs, he complied with the conditional order. The chattels were not returned. There was no authority to keep them in any event, and, although the technical redelivery had to be made by or on behalf of the marshal, the latter's affidavit shows that at the plaintiff's request the chattels had been left with him, and that the failure seasonably to return them to the defendant was due entirely to plaintiff's failure to turn them over to the marshal, although twice demanded. The plaintiff had it in his power to restore the chattels, and he cannot be heard to plead default to excuse default.

The final order of dismissal therefore terminated the action. So long as that order stood, no further steps could be taken. How the case was subsequently restored to the calendar is a mystery. There is no order by the justice, no notice to the defendant—nothing but the minutes of an inquest, which, so far as the record discloses, has no order or mandate or other process to support it. The action was out of court, and there was no jurisdiction to take the inquest.

But even if the inquest had been properly taken, it could not be permitted to stand, as the testimony adduced therein fails to establish a cause of action. There is no evidence of any breach or default by the defendant. The plaintiff, judging by the replevin papers, apparently brought his suit because of a violation of a term of the mortgage permitting foreclosure on the removal or attempted removal of the property for which the mortgage was given as security. There does not seem to have been any claim that the defendant defaulted in the payment of any of the instalments. The minutes of the inquest are barren of any proof as to removal. Nor could the judgment entered on the inquest be allowed to stand. It directs the sale of the chattels "replevied at the commencement of the action." But the replevied chattels had been taken without jurisdiction. No chattels had been taken and held under a warrant, which is the only precedure authorized in an action to foreclose a lien. Chattels taken in one form of action cannot be held to satisfy the judgment in another and different form.

It is clear that not only must the judgment be reversed for the defective proof on the inquest, but that the final order of dismissal must be given effect, and the proceedings dismissed. The chattels must be restored to the defendant. The plaintiff may protect himself by in-

stituting a new action to foreclose his lien, and have the marshal re-
take possession of the chattels under section 138 of the Municipal
Court act.

Judgment reversed, with costs to the appellant. All concur.