BROOKS et al. v. DELAWARE, L. & W. R. CO.

(Supreme Court, Appellate Term. June 23, 1904.)

1. DEFAULT JUDGMENT—SETTING ASIDE.

Where defendant knew the date to which a cause was adjourned, it was his duty to attend, and, in the absence of a sufficient excuse for failure to do so, a default will not be set aside.

2. SAME—APPEAL.

On appeal from a judgment rendered on default the court will examine the evidence to see if it is sufficient to support the judgment.

3. CARRIERS OF GOODS—FAILURE TO DELIVER—UNREASONABLE DELAY.

In an action against a carrier for failure to deliver goods to a consignee in Denver, evidence that the goods were shipped July 2d, and had not been delivered down to July 10th, did not show an unreasonable delay.

4. SAME—PLEADING—GENERAL DENIAL.

Where plaintiff alleged that defendant received goods for carriage, but neither delivered them to the consignee nor returned them to plaintiff, a general denial put in issue both the delivery of the goods to defendant and their nondelivery by it.

Appeal from Municipal Court, Borough of Manhattan, Eleventh District.

Action by Julius Brooks and another against the Delaware, Lackawanna & Western Railroad Company. From a judgment for plaintiffs, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and SCOTT, JJ.

W. S. McGuire, for appellant.
Henry Schmitt, for respondents.

SCOTT, J. In this action the defendant appeals both from the judgment which was entered on default, and from the order denying its motion to open the default. The pleadings were oral, and the cause of action stated is "breach of contract," the claim, as disclosed by the bill of particulars, being for the value of certain goods shipped by plaintiffs for delivery to a purchaser in Denver; the allegation being

that the goods were received by defendant, but neither delivered to the consignee nor returned to plaintiffs. The answer was a general denial. So far as concerns the motion to open the default, it appears that after several adjournments the trial was begun on January 18th, and some testimony taken. Upon the declaration of the justice that the evidence of the consignee's receiving clerk must be procured, the case was adjourned. The record does not show that this adjournment was for any fixed date, but the attorneys for both parties say in their affidavits that this adjournment was for three weeks, or until February 8th. On the adjourned day the defendant did not appear, and after a number of other adjournments some further unimportant testimony was taken, and judgment rendered by default in plaintiffs' favor. In our opinion, the defendant's attorney furnished no satisfactory or sufficient excuse for his failure to attend on the adjourned day. He knew, as he swears, the date to which the adjournment was taken, and, even if he did not suppose that the plaintiffs would then be ready to proceed, it was his business to attend. Having failed to do so, the plaintiffs were justified in adjourning the trial from day to day. The default was entirely due to the neglect of the defendant's attorney to properly watch the case after the adjournment.

The appeal from the judgment rests upon different considerations. The general denial put in issue both the delivery of the goods to the defendant and their nondelivery. Upon an appeal from a judgment rendered on default this court will examine the evidence to see if it is sufficient to support the judgment. Wallot v. Weber, 30 Misc. Rep. 632, 62 N. Y. Supp. 756. The evidence as to nondelivery was insufficient. The only evidence on that subject was that of a buyer for the consignee, who was unable to swear positively as to the nondelivery, and whose knowledge only ran to July 10, 1903, when he left Denver for New York. There is a contradiction in the testimony as to when the goods were shipped from New York; the cartman stating that it was on June 1st, and the plaintiff Brooks saying that they were shipped on July 2d. If the latter was the true date, the testimony of the consignee's buyer, which at most related only to the period down to July 10th, would scarcely show even an unreasonable delay in the delivery. It may be that the plaintiff erred in his testimony as to the date of delivery, or even that an error has been made in the transcription of the minutes. We, however, cannot assume this, but must take the record as we find it. If an error has been made, it can be corrected upon the new trial which must be ordered.

The order denying the motion to open the default is affirmed, with $10 costs. The judgment is reversed, and a new trial granted, with costs to appellant to abide the event. All concur.