JACKSON v. LURIE.

(Supreme Court, Appellate Term. March 2, 1906.)

1. JUSTICES OF THE PEACE—APPEAL—DECISIONS REVIEWABLE—DEFAULT JUDG-
MENT.
An appeal lies from a default judgment in a justice's court, taken after
proper service of process.

2. SAME—REVERSAL.
Where a return on appeal from a default judgment does not show that
any evidence or proof of any kind was taken by the justice as a founda-
tion for the judgment, it will be set aside.

Appeal from Municipal Court, Borough of Manhattan, Seventh Dis-
trict.

Action by Joseph L. Jackson against Alexander Lurie. From a
judgment in favor of plaintiff, and from an order refusing to open a de-
fault, defendant appeals. Reversed.

Argued before SCOTT, P. J., and GIEGERICH and GREEN-BAUM, JJ.

Geo. W. Simpson, for appellant.

Abraham Goldfarb, for respondent.

SCOTT, P. J.　We find no occasion to review the decision of the justice below respecting the due service of the summons, even if that question is properly before us.　There is nothing in the record to sustain the plaintiff's judgment.　The complaint was oral, and, of course, unverified.　It does not appear from the return that any evidence or proof of any kind was taken by the justice as a foundation for his judgment, and there is absolutely nothing to sustain it.　Even if we assume that the defendant was properly served, and that the judgment was taken upon his default (the most favorable assumption possible for the plaintiff), still an appeal lies from the judgment, and, as there was no proof of the plaintiff's claim, a reversal must follow.　Hurry v. Coffin, 11 Daly, 180.

Judgment reversed, and new trial granted, with costs to abide the event.

The appeal from the order need not be considered, and it will be dismissed, without costs to either party.　All concur.