(118 App. Div. 789)

DEWSNAP v. MATTHEWS et al.

(Supreme Court, Appellate Division, First Department. April 19, 1907.)

APPEAL—DECISIONS REVIEWABLE—AFFECTING SUBSTANTIAL RIGHT.

The denial of a motion to resettle an order of Special Term so that it should recite the fact, appearing of record, that the motion for such order was made on behalf of certain persons, affects a substantial right, and an appeal lies therefrom.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 2, Appeal and Error, §§ 612–641.]

Appeal from Special Term, New York County.

Action by George G. Dewsnap against Moses Matthews and others. From an order denying a motion to resettle an order, so that it should recite the fact that this motion was made on behalf of Bachrach and Schmeidler, defendants appeal. Reversed.

Argued before PATTERSON, P. J., and INGRAHAM, CLARKE, HOUGHTON, and LAMBERT, JJ.

Paul Gross, for appellants.

Alfred T. Davison, for respondent.

INGRAHAM, J. This action was to foreclose a mortgage. Before the defendants appeared the plaintiff obtained an ex parte order appointing a receiver of the mortgaged premises.

On the 24th of December, 1906, an order was obtained requiring the plaintiff to show cause why the order appointing the receiver should not be vacated, and why Bachrach and Schmeidler should not be made parties defendant and a supplemental summons issued, and why the defendants and Bachrach and Schmeidler should not have such other and further relief as to the court may seem just and proper in the circumstances. The affidavit upon which the motion was made was that of Bachrach, from which it appeared that the property had been conveyed by the defendants and mortgagors to Bachrach and Schmeidler, and the deed recorded before the action was commenced and notice of the pendency of the action filed. It is quite evident from the order to show cause and the affidavit upon which the motion was made that the owners of the property were the moving parties, and that they asked to be made parties to the action to protect the property of which they were the owners. The affidavit of Bachrach expressly states that he had fairly stated the case to Paul Gross, his attorney, and that the deponent had a good and substantial defense upon the merits to the cause of action set forth in the complaint, that he desires that he and Schmeidler be made parties to the action, and that they be given an opportunity to defend the action, "wherefore deponent prays on behalf of himself and said Isaac Schmeidler that an order be made herein directing that deponent and said Isaac Schmeidler be made parties defendant herein."

The only answer to this is that the representative of the attorney who made the motion stated to the court that he appeared for the defendants. Where a fact that the moving party asks to have recited in an order of Special Term appears upon the record, the order should

recite it, and, when an application therefor is denied, a substantial right is affected, which justifies an appeal to this court.

The order appealed from should be reversed, and the case remitted to the Special Term to resettle the order as requested, with $10 costs and disbursements. All concur.