"I am of opinion that, if the order of the Special Term be based upon the theory that it had the power in this case to reduce this agreed compensation of the attorney to some part of the said $500, it cannot be sustained. * * * This attorney has a lien upon the judgment of $3,400 for $1,700. Matter of Regan, 167 N. Y. 338, 343, 60 N. E. 658. This lien, afforded by statute, as is said in Fischer-Hansen's Case, supra, 'reaches forward and attaches to' the judgment. The attorney has the right to have the judgment held for the debt until the lien is discharged. Randall v. Van Wagenen, 115 N. Y. 527, 531, 22 N. E. 361, 12 Am. St. Rep. 828. * * * Through the lawful agreement of attorney and client, the statute affords security to the attorney by lien upon the judgment to the extent of $1,700. The client would have the court not alone impair the security to the extent of at least $1,200, but shift the lien to the $500, which is to be paid in satisfaction of the judgment and to the extinguishment of that kind of security. I do not think that this can lawfully be done in this case. I am not dealing with the question of the rights of the plaintiff over the judgment, but with the proposition that would thus impair, reduce, and change the lien of the attorney in this judgment. * * * It is to be remembered that we are not dealing with the settlement of a claim or a cause of action like unto that under consideration in Fischer-Hansen's Case, 173 N. Y. 499, 66 N. E. 397, but with a judgment. The claim, as was said in that case, is 'thus extinguished by merger in a higher security,' wherefor 'the statute makes express provision for the transfer and continuance of the lien,' and that the precise question is whether the client can by summary application to the court compel the attorney resisting to forego the lien which the statute secures to him perforce of the contract between him and his client."

The position of the client in the case cited is much stronger than in the case at bar. If in that case the court had no power to authorize the settlement and a transfer of the lien from the judgment to the amount received in settlement, clearly the court would not have had the power to do so in this instance. The judgment herein is presumably good and collectible, and if, on open application to the court with notice to his attorney, the plaintiff could not have received judicial sanction for the settlement which he has made, because the court is without power to compel the transfer of the attorney's lien to a fractional part of the sum of $275, it is difficult to see how the settlement can be lawfully upheld with that effect, when it has been surreptitiously made behind the attorney's back.

The order should be affirmed.

Judgment and order of the County Court of Westchester county affirmed, with costs. All concur.

---

(119 App. Div. 167)

## DEWSNAP v. BACHRACH et al.

(Supreme Court, Appellate Division, First Department.  May 10, 1907.)

APPEAL—NOTICE—SUFFICIENCY.

Where an order was entered resettling an order of the court appealed from, and by the resettlement the order appealed from was materially changed, so that an entirely different record was presented upon which the appeal was to be heard, and no notice of appeal was served from the order as resettled, the appeal should have been dismissed.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 2, Appeal and Error, § 2145.]

Appeal from Special Term, New York County.

Action by George G. Dewsnap against Irving Bachrach and others. From an order denying defendants' motion to vacate an ex parte order

appointing a receiver and to make said Irving Bachrach and another parties defendant, said defendants Bachrach and another appeal. Dismissed.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and SCOTT, JJ.

Herman Kahn, for appellants.

Alfred T. Davison, for respondent.

INGRAHAM, J. The original order denying this motion was entered on January 7, 1907. On February 2, 1907, the defendant appealed from the order. On the 22d of March, 1907, an order was entered resettling the order of January 7, 1907, and by this resettlement the order of January 7th was materially changed. Affidavits not recited in the first order as affidavits upon which the motion was made were inserted, so that an entirely different record was presented upon which an appeal was to be heard. No notice of appeal was served from the order as resettled. The respondent noticed a motion to dismiss this appeal upon the ground that the order had been resettled after the appeal was taken, and that the appeal must be from the resettled order, and not from the order as originally entered. We think this motion should be granted. The appeal from the order as originally entered must be heard upon the papers recited in that order, while the appeal from the order as resettled must be heard upon an entirely different record; and this court has uniformly held that the resettlement of an order in effect abrogates the order resettled, and the resettled order stands as the order of the court upon the application.

Two decisions of the General Term of the Supreme Court—Lindon v. Beach, 6 Hun, 200, and Landers v. Fisher, 24 Hun, 648—are cited as sustaining the appellant; but it does not appear in those cases that the resettlement consisted of an entirely new order in place of the order originally entered, and we think that the practice adopted by this court of requiring an appeal from the order sought to be reviewed is the better practice, and essential to the orderly transaction of the court. In this case we have lately directed a further resettlement of the order by making it appear that the motion was made on behalf of the appellants, and on the appeal from the order as resettled the questions sought to be reviewed can properly be determined. As the real moving parties are not before the court on this appeal, it would not be proper to express any opinion upon the questions presented by the denial of the motion.

The appeal is therefore dismissed, with $10 costs and disbursements. All concur.