### PEPE v. CURTI.

(Supreme Court, Appellate Term. January 15, 1909.)

1. APPEAL AND ERROR (§ 113*)—ORDERS APPEALABLE—RESETTLED ORDER.
    An appeal from an order, which has been abrogated by a resettled order must be dismissed, for the appeal should have been from the resettled order.
    [Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 113.*]

2. LANDLORD AND TENANT (§ 303*)—SUMMARY PROCEEDINGS—PETITION—INTEREST OF LANDLORD.
    A petition in summary proceedings for nonpayment of rent, which recites that the petitioner is lessee under an assignment in writing of a written

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

lease with the owner in fee for a specified term, said lease covering the entire premises, subject to the tenancy hereinafter mentioned, and as such assignee of such leasehold petitioner is the landlord of the premises, sufficiently describes the interest of the petitioner in the premises, within Code Civ. Proc. § 2235, providing that the applicant for removal of a person from real property must present a petition describing the premises and the interest therein of the petitioner.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 1303–1309; Dec. Dig. § 303.*]

3. LANDLORD AND TENANT (§ 303*)—SUMMARY PROCEEDINGS—PETITION—INTEREST OF LANDLORD.

A petition in summary proceedings for nonpayment of rent, which alleges the existence of the relation of landlord and tenant between the parties, and which avers that they entered into an agreement whereby the tenant hired from the landlord the premises sought to be recovered, and that the tenant entered into the possession of the premises and occupied the same, and that he promised to pay a certain rental, is sufficient, without alleging how the petitioner acquired his interest in the premises.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 1303–1309; Dec. Dig. § 303.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Vincent C. Pepe against Maria Curti. From a final order in summary proceedings, entered in favor of plaintiff, as landlord, defendant, as tenant, appeals. Dismissed.

Argued before GILDERSLEEVE, P. J., and BISCHOFF and GUY, JJ.

Herman Kahn, for appellant.
John MacGregor, for respondent.

GILDERSLEEVE, P. J. The landlord obtained an order in his favor in summary proceedings for nonpayment of rent, entered upon the default of the tenant on the 28th day of September, 1908. On October 16, 1908, an order was entered, bearing date of October 12, 1908, granting the motion of the tenant to open her default on condition that she deposit with the clerk of the court the amount of rent alleged to be due. This order was subsequently resettled by an order entered October 23, 1908. No appeal has been taken from the resettled order. The tenant's appeal is from the final order of September 28th, entered upon default, claiming that the same was made without jurisdiction, and from the order bearing date of October 12, 1908, granting the motion to open her default. The order of October 12th was abrogated by the resettlement, and the appeal.should have been from the resettled order.

The appeal from the order of October 12, 1908, must be dismissed, with $10 costs. Dewsnap v. Matthews, 119 App. Div. 167, 104 N. Y. Supp. 330.

The appeal from the final order of September 28, 1908, rests upon the contention of the tenant that the court below did not acquire jurisdiction to issue any order of dispossess, for the reason that the petition, upon which the final order was founded, did not disclose that the petitioner had any interest in the premises in question, as required

by section 2235 of the Code of Civil Procedure. The petition recites that the petitioner is—

"lessee under and by virtue of a certain assignment in writing of a certain agreement in writing and lease with the owner in fee by deed of the premises hereinafter described, for the term of one year from the 1st day of May, 1908, said lease covering the entire premises subject to the tenancy hereinafter mentioned, and as such assignee of such leasehold is the landlord of the premises hereinafter described."

This recital, we believe, describes "the interest" of the petitioner in the premises of which possession is claimed, and sets forth facts which authorize the application by the petitioner, within the requirements of the Code. It is clearly stated that the petitioner's interest in the premises is that of leasehold for one year from May 1, 1908, under a written assignment of a written lease for that term from the owner of the fee. The description of petitioner's interest is sufficient to confer jurisdiction upon the court. Moreover, the petitioner alleges an original letting to the tenant, and the existence of the conventional relation of landlord and tenant between the parties. The petition alleges that they entered into an agreement whereby the said tenant hired from the said landlord the premises sought to be recovered, that the tenant "entered into the possession of said premises and still occupies the same," and promised to pay a certain rental. Under these circumstances it was not necessary for the petitioner to allege how his interest in the premises was acquired. Dreyfus v. Carroll, 28 Misc. Rep. 222, 58 N. Y. Supp. 1116; Fox v. Held, 24 Misc. Rep. 184, 52 N. Y. Supp. 724.

The final order is therefore not a void order, and, as the defendant is in default, the appeals from both orders must be dismissed, with $10 costs.

Appeal dismissed, with $10 costs. All concur.