Roy W. Doolittle and Others, Doing Business under the Firm Name and Style of Glenny, Roth & Doolittle, Appellants, *v.* Mark A. Tiftickjian, Respondent.

Fourth Department, October 4, 1933.

*William J. Sernoffsky,* for the appellants.

*Frank Gibbons,* for the respondent.

Per Curiam. The practice, in City Court, of giving notice of the entry of judgments does not amount to a rule requiring such notice. And even though there were such a rule, a failure to observe it would not affect the validity of the judgment. Here such failure was made the basis of an order vacating the judgment itself. We reach this conclusion with reluctance for the reason that the pleadings and affidavits seem to furnish no basis for a summary judgment. We are also forced to conclude that the order vacating the summary judgment is appealable even though

a default order. (See Buffalo City Ct. Act [Laws of 1909, chap. 570], § 55; Justice Ct. Act, §.428; *Hurry* v. *Coffin*, 11 Daly, 180; *Jackson* v. *Lurie*, 49 Misc. 634, and *Canelli Wine Co.* v. *Tassi*, 88 id. 573.) Assuming that the summary judgment was erroneous, perhaps relief can be obtained by an application to reopen and reargue the motion for summary judgment.

All concur.

Order of the City Court of Buffalo and of the Special Term reversed on the law, with ten dollars costs and disbursements, and motion denied, without costs.