MILTON SHERMAN, Plaintiff, *v.* GEORGE FREUHAFF and WILLIAM DILBERTO, Defendants.

Municipal Court of New York, Borough of Queens, Fourth District, December 3, 1941.

*Milton Sherman* in person.

*Roe & Carman,* for the defendant George Freuhaff.

MORRIS, J. The summons in this action bears the following indorsement: "Action to enforce mechanic's lien dated October 6, 1941 and filed October 7, 1941 in the amount of sixty ($60) dollars for architect's work, labor, services and materials rendered and furnished for the agreed price of sixty ($60) dollars with interest from April 22, 1941." The defendant Dilberto's defense is a general denial and the defendant Freuhaff appearing specially objects to the statement of the nature and substance of the plaintiff's cause of action and also contends that the court is without jurisdiction upon the grounds that the nature and substance of the plaintiff's cause of action is to enforce the mechanic's lien and that the statement or complaint is not verified as required by section 78 of the New York City Municipal Court Code which in part provides as follows: "The pleadings in an action to establish a mechanic's lien must be verified."

The questions raised by the special notice of appearance were not noticed for a hearing but the attorney for the plaintiff made a motion to strike out the special notice of appearance and for the right to serve a verified complaint and to direct the defendants to serve and file a verified answer thereto.

The plaintiff's motion requires the determination of the question raised by the special notice of appearance, namely, has the court failed to obtain jurisdiction of the persons or of the cause of action because of the fact that a verified pleading was not served with the summons?

It must be conceded that the court has jurisdiction to enforce a mechanic's lien. It must be conceded that the defendants were

properly served and that the indorsement on the summons alleges some cause of action involving architect's work, labor and services and materials rendered for the agreed price of sixty dollars. The requisite for a valid complaint in an action to enforce a mechanic's lien is that it must be verified. If there is no statutory power in the court to amend the complaint by serving a verified pleading the motion of the plaintiff must be denied as the court cannot substitute its order for the requisite statutory verification. Section 93 of the New York City Municipal Court Code supplies the necessary power. It directs the court to liberally construe the allegations of a pleading for the purpose of doing substantial justice and allow amendments to pleadings at any stage, if substantial justice will be promoted thereby. Since 1932 the court may make an order amending a notice of lien *nunc pro tunc*. (Lien Law, § 12-a; *Matter of Passero & Sons, Inc.*, 237 App. Div. 638.) In the instant case no substantial right of the defendant will be prejudiced or impaired. In the interest of substantial justice, in view of *the language* of section 93, the court must grant the amendment. Where an amended pleading is served it takes the place of the original pleading and the action proceeds to trial as if the original pleading had never been served. Assuming that if a defect is vital no amendment may be granted, the court is of the opinion that the defect complained of is not vital, that the court acquired jurisdiction of the person of the defendants and of the cause of action for work, labor and services and which, by serving a verified pleading, becomes an action to enforce a mechanic's lien. (*Horowitz* v. *Decker*, 88 N. Y. Supp. 217, and other cases cited under Mun. Ct. Code, § 93.)

The motion of the plaintiff to strike out the special notice of appearance and for the right to serve a verified complaint and direct the defendants to serve a verified answer is granted. Both defendants after the service of a copy of the verified complaint together with the copy of the order herein shall have five days within which to serve a verified answer.